```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BRIANNA HAMMER,

    Plaintiff,

v.                              Case No:  2:18-cv-347-FtM-29MRM

LEE MEMORIAL HEALTH SYSTEM
and JEOVANNI HECHAVARRIA,
R.N.,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint for Damages (Doc. #6) filed on May 24, 2018.  Plaintiff filed a Response in Opposition (Doc. #15) on June 7, 2018.  For the reasons set forth below, the motion is granted.

**I.**

On April 24, 2018, Plaintiff Brianna Hammer (Plaintiff) filed a seven-count Second Amended Complaint against Lee Memorial Health System (Lee Memorial) and Jeovanni Hechavarria (Hechavarria) in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. #2.)  On May 17, 2018, Lee Memorial removed the case on the basis of federal question and supplemental jurisdiction.  (Doc. #1.)  Plaintiff asserts claims against Lee Memorial for violation of her civil rights pursuant to 42 U.S.C.

§ 1983 (Count I), negligent supervision (Count II), negligent hiring (Count III), negligent security (Count IV), negligence (Count V), and vicarious liability (Count VI). Plaintiff asserts a claim against Hechavarria for assault and battery (Count VII).

According to the Second Amended Complaint (Doc. #2): On March 15, 2015 through March 17, 2015, Plaintiff was a patient at Cape Coral Hospital, a hospital operated by Lee Memorial. (Id. ¶¶ 6, 8, 9.) Hechavarria was Plaintiff's nurse for the evenings of March 15, 2015 and March 16, 2015. (Id. ¶ 10.) On March 16, 2015, while Plaintiff was medicated with "a narcotic pain medication," Hechavarria touched Plaintiff's "breasts, lower back, buttocks, and then spread her legs and looked at her vagina" without Plaintiff's consent. (Id. ¶¶ 12, 13.) Later that evening, Hechavarria returned to Plaintiff's room and put "his hand in between [Plaintiff's] legs penetrating her vagina" without Plaintiff's consent. (Id. ¶ 14.) This lawsuit followed.

Lee Memorial now moves to dismiss Counts II, III, IV, V, and VI. Lee Memorial argues those Counts should be dismissed because Plaintiff failed to allege sufficient facts to state actionable claims against Lee Memorial.

**II.**

Federal Rule of Civil Procedure 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In

evaluating a Rule 12(b)(6) motion seeking to dismiss a complaint for failing to comply with Rule 8(a), the Court must accept as true all factual allegations in the complaint and "construe them in the light most favorable to the plaintiff." Baloco ex rel. Tapia v. Drummond Co., 640 F.3d 1338, 1345 (11th Cir. 2011). However, mere "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

To avoid dismissal under Rule 12(b)(6), the complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To do so requires "enough facts to state a claim to relief that is plausible on its face." Id. at 570. This plausibility pleading obligation demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." (citation omitted)). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then

3

determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

As a preliminary matter, the Court first addresses Plaintiff's Response in Opposition. In it, Plaintiff argues against dismissal by relying on facts not alleged in her Second Amended Complaint. Because the Court's review of a motion to dismiss is generally limited "to a consideration of the pleadings and exhibits attached thereto," the Court will not consider the newly alleged facts in the Response in Opposition when analyzing the instant Motion to Dismiss. Kinsey v. MLH Fin. Servs., Inc., 509 F. App'x 852, 853 (11th Cir. 2013).

**A. The Negligent Supervision Claim (Count II)**

Count II is a claim against Lee Memorial for negligent supervision, alleging that Lee Memorial negligently allowed Hechavarria to "have unsupervised and unfettered access to female patients while in the hospital." (Doc. #2, ¶ 39.) Lee Memorial argues Count II should be dismissed because Plaintiff failed to allege sufficient facts to state a cause of action for negligent supervision. The Court agrees.

"Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation,

4

discharge, or reassignment." Dep't of Envtl. Prot. v. Hardy, 907 So.2d 655, 660 (Fla. 5th DCA 2005). To state a claim for negligent supervision under Florida law, a plaintiff must "allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action." Id. Additionally, a plaintiff must demonstrate "a connection and foreseeability between the employee's [] history and the current tort committed by the employee." Id. at 661.

Plaintiff has not alleged any facts demonstrating that Lee Memorial "received actual or constructive notice of problems with" Hechavarria's fitness to work as a nurse. Id. Thus, Plaintiff has failed to state a claim for negligent supervision. Count II is therefore dismissed without prejudice.

**B. The Negligent Hiring Claim (Count III)**

Count III is a claim against Lee Memorial for negligent hiring. Specifically, it asserts that Lee Memorial "failed to make an adequate investigation into" Hechavarria's background, which would have revealed that Hechavarria "was unfit to be hired as a night nurse." (Doc. # 2, ¶ 44.) Defendant argues Count III should be dismissed because Plaintiff failed to allege sufficient facts to state a claim for negligent hiring. The Court agrees.

"Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the

5

employee's unfitness . . . ." Garcia v. Duffy, 492 So. 2d 435, 438 (Fla. 2d DCA 1986). To state a claim for negligent hiring under Florida law, a plaintiff must allege that: (1) the employer was required to make an appropriate investigation of the employee, but failed to do so; (2) an appropriate investigation would have revealed the employee's unsuitability for employment; and (3) "it was unreasonable for the employer to hire the employee in light of the information [the employer] knew or should have known." Id. at 440.

Plaintiff alleges no facts demonstrating that Lee Memorial knew, or should have known, about Hechavarria's unfitness to serve as a nurse. Thus, Plaintiff has failed to state a claim for negligent hiring. Count III is therefore dismissed without prejudice.

**C.  The Negligent Security Claim (Count IV)**

Count IV asserts a claim against Lee Memorial for negligent security. Specifically, Count IV alleges that Lee Memorial failed to provide Plaintiff with adequate security because Hechavarria's actions against Plaintiff were reasonably foreseeable in light of Cape Coral Hospital's location "within in a high crime area . . . ." (Doc. #1, ¶¶ 49-50.) Defendant argues Count IV should be dismissed because (1) it is duplicative of the negligence claim asserted in Count V; and (2) Plaintiff failed to allege sufficient

6

facts to state a claim for negligent security. The Court will address each argument in turn.

In Florida, "negligent security cases fall under the auspices of premises liability as opposed to ordinary negligence." Nicholson v. Stonybrook Apartments, LLC, 154 So. 3d 490, 494 (Fla. 4th DCA 2015). Unlike in ordinary negligence cases, a defendant's duty of care in a premises liability action depends "on the plaintiff's status to the land." Id. at 494. Thus, because a negligent security claim is a subject to a different duty of care analysis than an ordinary negligence claim, the Court will not dismiss Count IV for being a duplicative Count. See id. (noting that "[o]rdinary negligence involves active negligence . . . whereas premises liability involves passive negligence").

Under Florida premises liability principles, a property owner owes two duties to a business invitee[1]: "(1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover." Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). "The duty of care owed by a landowner to an invitee with respect to

---

[1] A hospital patient is a business invitee under Florida law. See Post v. Lunney, 261 So. 2d 146, 147-48 (Fla. 1972) ("[A]n invitee is one who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises." (quotation and citation omitted)).

protection from criminal acts of a third person is dependant upon the foreseeability of that third party's activity." Admiral's Port Condo. Ass'n, Inc. V. Feldman, 426 So. 2d 1054, 1054 (Fla. 3d DCA 1983). While Plaintiff has generally alleged that Lee Memorial was aware of Cape Coral's location within a high crime area, Plaintiff has asserted no facts demonstrating that the alleged sexual assault was foreseeable. Thus, Plaintiff has failed to state a claim for negligent security. Count IV is therefore dismissed without prejudice.

**D.   The Negligence Claim (Count V)**

Count V is a negligence claim against Lee Memorial. Defendant argues Count V should be dismissed because Plaintiff failed to allege sufficient facts to state a claim for negligence. The Court agrees.

Under Florida law, "[t]o maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." Florida Dep't of Corr. v. Abril, 969 So. 2d 201, 204 (Fla. 2007). "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." McCain v. Fla. Power Corp., 593 So. 2d 500, 502 (Fla. 1992) (citations omitted).

Plaintiff alleges that Lee Memorial owed Plaintiff a duty to protect her from foreseeable criminal acts committed by its employees, and that Lee Memorial breached that duty by "failing to take reasonable, necessary and adequate steps" to protect Plaintiff from sexual assault by Hechavarria. (Doc. #2, ¶ 57.) The Court finds Plaintiff has failed to plausibly state a negligence claim because Plaintiff has not alleged any facts demonstrating that Hechavarria's actions were foreseeable. Count V is therefore dismissed without prejudice.

**E. The Vicarious Liability Claim (Count VI)**

Count VI asserts a claim against Lee Memorial for vicarious liability. Lee Memorial argues Count VI should be dismissed because Plaintiff has not plausibly alleged that Hechavarria's alleged sexual assault was within the scope of his employment. The Court agrees.

Under Florida law, "an employer cannot be held [vicariously] liable for the tortious or criminal acts of an employee, unless the acts were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So. 2d 353, 356 (Fla. 3d DCA 2001) (citations omitted). An employee's conduct is within the scope of his employment when it "(1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or

required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master." Goss v. Human Servs. Assocs., Inc., 79 So. 3d 127, 132 (Fla. 5th DCA 2012).

Sexual assaults "are generally held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer. An exception exists when the employee purported to act on behalf of the employer or when the employee was aided by the agency relationship."[2] Id. (citation omitted). "Unless it can be established that the abuse occurred in furtherance of the employer's business, this type of conduct is not within the scope of employment." Agriturf Mgmt., Inc. v. Roe, 656 So. 2d 954 (Fla. 2d DCA 1995).

The Court finds Plaintiff has failed to state a plausible claim against Lee Memorial for vicarious liability. Although Plaintiff alleges that Hechavarria was able to sexually assault Plaintiff because of his position as her nurse, the alleged sexual assault was a self-serving act that in no way furthered the business of Lee Memorial. See Agriturf, 656 So. 2d at 955 (finding

---

[2] Relying on Williams v. Feather Sound, Inc., 386 So. 2d 1238, 1239-40 (Fla. 2d DCA 1980), Plaintiff argues that, under Florida law, an employer may be vicariously liable for an employee's intentional torts if the employer knew or should have known the employee posed a threat to others. The Court finds Williams unpersuasive because Williams involved a claim for negligent hiring, not for vicarious liability. Id. at 1238 ("This appeal . . . involves an aspect of the doctrine of negligent hiring.").

abuse occurring on Agriturf's property during time perpetrator closing business not within scope of employment because sexual abuse not in furtherance of employer's business objectives); Mason v. Fla. Sheriffs' Self-Ins. Fund, 699 So. 2d 268, 270 (Fla. 5th DCA 1997) (holding sexual assault by officer not within scope of employment, even though officer was on duty, in uniform, and serving warrant on woman he raped). Thus, because Plaintiff has not plausibly alleged that Hechavarria's alleged assault was within the scope of his employment, Plaintiff has failed to state a claim for vicarious liability.[3] Count VI is therefore dismissed without prejudice.

Accordingly, it is hereby

**ORDERED:**

Defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint for Damages (Doc. #6) is **GRANTED** as follows:

1. Counts II, III, IV, V, and VI are **dismissed without prejudice.**

---

[3] Plaintiff argues the Court should apply Florida's common carrier vicarious liability analysis, which provides that common carriers are vicariously liable for the torts of their employees "without regard to whether they were committed within the scope of employment." Nazareth v. Herndon Ambulance Serv., Inc., 467 So. 2d 1076, 1078 (Fla. 5th DCA 1985). The Court finds such an analysis to be inapplicable here because a hospital is not a common carrier. See e.g. Fla. Stat. § 561.01(19) ("'Common carrier' means any person, firm, or corporation that undertakes for hire, as a regular business, the transportation of persons or commodities from place to place . . . .").

2. Plaintiff may file an amended complaint within fourteen (14) days of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 3rd day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties and Counsel of record