UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIANNA HAMMER,                              CASE NO: 2:18-cv-347-FtM-29MRM

      Plaintiff,

v.

LEE MEMORIAL HEALTH SYSTEM
d/b/a CAPE CORAL HOSPITAL, and
JEOVANNI HECHAVARRIA, R.N.,

      Defendants.

_____/

## THIRD AMENDED COMPLAINT FOR DAMAGES

The Plaintiff, BRIANNA HAMMER, individually, sues Defendants, LEE MEMORIAL

HEALTH SYSTEM d/b/a CAPE CORAL HOSPITAL and JEOVANNI HECHAVARRIA, RN,

and allege:

## JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1.     This is an action for damages in excess of this Court's minimum jurisdictional

limits, exclusive of interest and costs and this case has been removed to Federal Court by the

Defendant. [DE 1].

2.     Venue is proper in Lee County, Florida, where one or more of the Defendants

reside and the events giving rise to this action occurred.

3.     Plaintiff BRIANNA HAMMER is a resident of Lee County, Florida.

4.     Defendant LEE MEMORIAL HEALTH SYSTEM d/b/a CAPE CORAL

HOSPITAL is a public health care system codified under Chapter 63-1552 and 78-552, Laws of

Florida, as amended.

3.     The operation and maintenance of the public health system, and the construction

of health system facilities provided for in its codifying Act are declared to be a public purpose.

4.      Lee Memorial Health System is a special purpose unit of local government.

5.      LEE MEMORIAL HEALTH SYSTEM is classified as an independent special district under the laws of Florida. The original Enabling Act (Chapter 63-1552, Laws of Florida, Special Act, 1963) was enacted in 1963 and amended several times since 1963. Chapter 2000-439 constitutes a codification required by Florida Law and is the current Enabling Act.

6.      LEE MEMORIAL HEALTH SYSTEM operates a hospital in Ft. Myers, Florida known as CAPE CORAL HOSPITAL.

7.      JEOVANNI HECHAVARRIA was a Registered Nurse who, at all times relevant to this claim, was an employee, agent, and/or servant of LEE MEMORIAL HEALTH SYSTEM.

## FACTS GIVING RISE TO CAUSE OF ACTION

8.      In the evening of March 15, 2015, BRIANNA HAMMER was an admitted patient at CAPE CORAL HOSPITAL with gastrointestinal pain, vomiting, and discomfort.

9.      BRIANNA HAMMER's admission at CAPE CORAL HOSPITAL continued to March 17, 2015.

10.     JEOVANNI HECHAVARRIA, RN was assigned to be BRIANNA HAMMER's night nurse on the evening of March 15, 2015 and March 16, 2015.  Prior to hiring JEOVANNI HECHAVARRIA, RN, LEE MEMORIAL HEALTH SYSTEM either conducted a background check into his criminal and legal past and/or should have conducted a background check into his criminal and legal past.

11.     Medical records of BRIANNA HAMMER reveal that JEOVANNI HECHAVARRIA, RN was in her hospital room at 11:02 p.m. and 11:28 p.m. on March 15,

2015.  JEOVANNI HECHAVARRIA, RN was also in BRIANNA HAMMER'S room on March 16, 2015.

12.    BRIANNA HAMMER was prescribed a narcotic pain medication (Dilaudid) starting on March 15, 2015 through March 16, 2015.

13.    During JEOVANNI HECHAVARRIA, RN's visit to BRIANNA HAMMER's room on March 16, 2015.  At that time, JEOVANNI HECHAVARRIA, RN informed BRIANNA HAMMER that "the doctor requested an observation and he had to check everything."  JEOVANNI HECHAVARRIA, RN then touched her breasts, lower back, buttocks, and then spread her legs and looked at her vagina.  BRIANNA HAMMER did not give JEOVANNI HECHAVARRIA, RN consent to perform this type of touching at that time.  JEOVANNI HECHAVARRIA advised BRIANNA HAMMER that this touching was requested by the medical staff as part of a medical examination of her.  JEOVANNI HECHAVARRIA, RN told BRIANNA HAMMER that he was "checking to see if everything was in place."  JEOVANNI HECHAVARRIA, RN then checked BRIANNA HAMMER's vital signs and her intravenous (IV) line.

14.    Later that evening BRIANNA HAMMER awoke to find JEOVANNI HECHAVARRIA, RN standing over her with his hand in between her legs penetrating her vagina. BRIANNA HAMMER is unsure whether the penetration of her vagina was with JEOVANNI HECHAVARRIA, RN penis or hand. Again, BRIANNA HAMMER did not give JEOVANNI HECHAVARRIA, RN consent to the sexual touching and/or sexual act.

15.    After JEOVANNI HECHAVARRIA, RN's shift ended on March 16, 2015, BRIANNA HAMMER informed the day shift nurse that she was sexually assaulted.

Case 2:18-cv-00347-PAM-M_M    Document 25    Filed 08/16/18    Page 4 of 24 PageID 213

BRIANNA HAMMER v. LEE MEMORIAL HEALTH SYSTEM, et al.
CASE NO: 18-CA-1517
Page 4 of 24

16.    JEOVANNI HECHAVARRIA, RN was wearing his nursing scrubs/uniform when he sexually assaulted BRIANNA HAMMER.

17.    JEOVANNI HECHAVARRIA, RN was able to sexually assault BRIANNA HAMMER as a result of the opportunity and seclusion that was provided to him by his employer, LEE MEMORIAL HEALTH SYSTEM.

18.    BRIANNA HAMMER's sexual assault occurred within the course and scope of JEOVANNI HECHAVARRIA, RN's employment with LEE MEMORIAL HEALTH SYSTEM.

19.    JEOVANNI HECHAVARRIA, RN ability and opportunity to sexually assault BRIANNA HAMMER was aided by his employment as a nurse for LEE MEMORIAL HEALTH SYSTEM.

20.    JEOVANNI HECHAVARRIA, RN's sexual assault of BRIANNA HAMMER occurred under the pretense of nursing care to her and would not have occurred but for his access to her through his employment with LEE MEMORIAL HEALTH SYSTEM.

21.    The Cape Coral police and hospital security investigated the claims of BRIANNA HAMMER.

22.    JEOVANNI HECHAVARRIA, RN used his position as a nurse to physically and mentally abuse and sexually assault patients, specifically BRIANNA HAMMER, at CAPE CORAL HOSPITAL.

## ACTUAL AND/OR CONSTRUCTIVE NOTICE

23.    Prior to being hired by LEE MEMORIAL HEALTH SYSTEM, JEOVANNI HECHAVARRIA, RN served in the United States Navy from 2000 through 2007.  In 2007, JEOVANNI HECHAVARRIA, RN was discharged from the Navy for misconduct that was

classified as a "serious offense." LEE MEMORIAL HEALTH SYSTEM knew that JEOVANNI

HECHAVARRIA, RN was discharged from the military without an "Honorable Discharge" and

failed to investigate the circumstances of his discharge.

24.     LEE MEMORIAL HEALTH SYSTEM never contacted the Navy prior to hiring

JEOVANNI HECHAVARRIA, RN to inquire about his service, discharge, and misconduct.

Likewise, LEE MEMORIAL HEALTH SYSTEM failed to conduct any investigation

whatsoever into his serious misconduct in the Navy.

25.     In 1999, JEOVANNI HECHAVARRIA, RN had a temporary injunction for

protection against domestic violence entered against him in Charlotte County, Florida (Case No.

99-222 DV). In the petition for the injunction, the Petitioner, Katrina Mashintonio, indicated that

JEOVANNI HECHAVARRIA, RN followed her to a restaurant, then he followed her to a

friend's house and he wanted to have sexual intercourse with her which she refused. Upon

refusing, JEOVANNI HECHAVARRIA became upset and punched her on the side of her fact

and slapped her.  The information regarding JEOVANNI HECHAVARRIA, RN's domestic

violence and injunctions was publically available through the Charlotte County Clerk of Court.

26.     LEE MEMORIAL HEALTH SYSTEM either knew or should have known about

the 1999 temporary injection for protection against domestic violence but never investigated the

1999 injunction prior to hiring him as a registered night nurse with access to isolated and

vulnerable patients.

27.     In 2010, JEOVANNI HECHAVARRIA, RN had a temporary injunction for

protection against domestic violence entered against him in Charlotte County, Florida (Case No.

10-558 DV). In the petition for the injunction, the Petitioner, Katrina Hechavarria (his then wife),

indicated that JEOVANNI HECHAVARRIA, RN was stalking her since she left him and obtained her own apartment.  She further indicated that JEOVANNI HECHAVARRIA, RN had a history of domestic violence against her while he was in the Navy and once "put a 9mm gun to [her] head and told [her] that he would kill [her] in from of [her] children".  The information regarding JEOVANNI HECHAVARRIA, RN's domestic violence and injunctions was publically available through the Charlotte County Clerk of Court.

28.     LEE MEMORIAL HEALTH SYSTEM either knew or should have known about the 2010 temporary injection for protection against domestic violence but never investigated the 2010 injunction prior to hiring him as a registered night nurse with access to isolated and vulnerable patients.

29.     On March 10, 2015, six (6) days before the sexual assault of BRIANNA HAMMER and while he was employed at LEE MEMORIAL HOSPTIAL, JEOVANNI HECHAVARRIA, RN had a temporary injunction for protection against domestic violence with minor children entered against him in Charlotte County, Florida (Case No. 15-190 DV). In the petition for the injunction, the Petitioner, Katrina Marie Pierce (his former wife), indicated that JEOVANNI HECHAVARRIA, RN slapped their minor child across the face, pushed her to the ground, punched her and choked her.  The information regarding JEOVANNI HECHAVARRIA, RN's domestic violence and injunctions was publically available through the Charlotte County Clerk of Court.

30.     LEE MEMORIAL HEALTH SYSTEM either knew or should have known about the 2015 temporary injection for protection against domestic violence but never investigated the

2015 injunction prior to hiring him as a registered night nurse with access to isolated and vulnerable patients.

31.    In 2008, JEOVANNI HECHAVARRIA, RN was employed by Harbor Nissan. During his employment with Harbor Nissan, JEOVANNI HECHAVARRIA, RN was disciplined multiple times. Specifically, he was disciplined on November 7, 2008, November 10, 2008, and November 11, 2008.  The November 11, 2008 disciplinary action involved a violation of company policies or procedures.   Eventually, JEOVANNI HECHAVARRIA, RN was terminated as an employee of Harbor Nissan.

32.    LEE MEMORIAL HEALTH SYSTEM either knew or should have known about the disciplinary action at Harbor Nissan prior to hiring JEOVANNI HECHAVARRIA, RN but LEE MEMORIAL failed to investigate the discipline prior to hiring him has a registered night nurse with access to isolated and vulnerable patients.

## FORESEEABILITY

33.    Based on JEOVANNI HECHAVARRIA's violent history towards woman and vulnerable individuals, as well as his serious misconduct while in the military, it was reasonably foreseeable to LEE MEMORIAL HEALTH SYSTEM that JEOVANNI HECHAVARRIA, RN would attack and assault vulnerable and isolated patients at CAPE CORAL HOSPITAL.

34.    After the sexual assault of BRIANNA HAMMER, JEOVANNI HECHAVARRIA remained a night nurse employed by LEE MEMORIAL HEALTH SYSTEM and sexually assaulted and raped two other female patients. One sexual assault and rape occurred in April 2016 and the other occurred in July 2016.

## COUNT I
## CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM
## VIOLATION OF 42 U.S.C.A. SECTION 1983

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 34 of this Complaint as if fully asserted herein.

35.      At all times while Plaintiff was within the exclusive custody and care of LEE MEMORIAL HEALTH SYSTEM, Plaintiff had the constitutional right to personal security and bodily integrity, including the right to be free from sexual abuse and sexual assault.

36.      LEE MEMORIAL HEALTH SYSTEM, acting under color of state law and acting as a public health care system codified under Chapter 63-1552 and 78-552, Laws of Florida, as amended, deprived the Plaintiff of her rights guaranteed by the United States Constitution, (as recognized in 42 U.S.C. Section 1983), in that JEOVANNI HECHAVARRIA, RN sexually abused and sexually assaulted the Plaintiff.

37.      LEE MEMORIAL HEALTH SYSTEM evidenced deliberate indifference to Plaintiff by its policy of failing to supervise JEOVANNI HECHAVARRIA, RN and through its policy of not making reasonable investigations into JEOVANNI HECHAVARRIA, RN, giving him unfettered access to female patient's rooms at night, and failing to have adequate policies and procedures to supervise nurses like JEOVANNI HECHAVARRIA, RN.

38.      The need to take action and control, investigate, discipline, supervise and remedy JEOVANNI HECHAVARRIA, RN for his wrongdoing was obvious and the inadequacy of the existing policies and practices relating to JEOVANNI HECHAVARRIA, RN was likely to result in the violation of constitutional rights.

39.      LEE    MEMORIAL    HEALTH    SYSTEM    employed    JEOVANNI

HECHAVARRIA, RN as a full-time registered nurse. At all times material hereto, LEE MEMORIAL HEALTH SYSTEM failed to take effective action as the employer of JEOVANNI HECHAVARRIA, RN by failing to oversee or restrain his conduct; failing to implement policies and procedures for the lodging of complaints against JEOVANNI HECHAVARRIA, RN for sexual abuse and assault, failing to enact or promulgate sufficient policies or procedures to ensure against sexual abuse or sexual assault by JEOVANNI HECHAVARRIA, RN; and by failing to promulgate corrective policies and regulations.

40.    LEE MEMORIAL HEALTH SYSTEM allowed a custom or practice to exist within the LEE MEMORAL HEALTH SYSTEM wherein JEOVANNI HECHAVARRIA, RN utilized his authority without fear of investigation and without fear of disciplinary action for his misconduct.

41.    LEE MEMORIAL HEALTH SYSTEM was on notice of the need to supervise JEOVANNI HECHAVARRIA, RN to ensure against sexual abuse and sexual assault of patients. LEE MEMORIAL HEALTH SYSTEM failed to adequately supervise him or warn the public of the potential threat posed by JEOVANNI HECHAVARRIA, RN.

42.    These policies of inadequate supervision is believed to not only constitute deliberate indifference to the rights of persons JEOVANNI HECHAVARRIA, RN came into contact with but was also an express policy.

43.    The *de facto* policies, customs, and practices complained of were the moving force behind the deprivation of Plaintiff's constitutional rights.

44.    42 U.S.C. Section 1983 provides a remedy for violation of these rights.

45.    As a proximate result, Plaintiff, was physically and sexually abused and assaulted,

and suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, past, present, and future emotional and physical distress, extreme emotional, mental and psychological injury, embarrassment, humiliation, shame, all of which exist to this day and will continue in the future.

46.    Attorney's fees and costs are sought pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

## COUNT II
## CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM
## NEGLIGENT SUPERVISION

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 34 of this Complaint as if fully asserted herein.

47.    Plaintiff was within the zone of foreseeable risk created by LEE MEMORIAL HEALTH SYSTEM's employment of JEOVANNI HECHAVARRIA, RN.

48.    LEE MEMORIAL HEALTH SYSTEM knew or should have known about JEOVANNI HECHAVARRIA's disposition of violence towards women and vulnerable individuals.

49.    LEE MEMORIAL HEALTH SYSTEM either had information in its possession regarding JEOVANNI HECHAVARRIA, RN being unfit to be employed as a night nurse, and/or it had reasonable access to said information.

50.    The information regarding JEOVANNI HECHAVARRIA, RN's domestic violence and injunctions was publically available through the Charlotte County Clerk of Court.

LEE MEMORIAL HEALTH SYSTEM either accessed that information during the hiring process of JEOVANNI HECHAVARRIA or should have accessed that information as part of its background check of JEOVANNI HECHAVARRIA, RN.

51.    LEE MEMORIAL HEALTH SYSTEM knew or should have known that JEOVANNI HECHAVARRIA was unfit to be a night nurse employed by the health system based on the multiple injunctions entered against him for violence against women and vulnerable individuals. Also, LEE MEMORIAL HEALTH SYSTEM knew or should have known that JEOVANNI HECHAVARRIA was unfit to be a night nurse employed by the health system based on his serious misconduct offense while in the military and his termination from a prior employer.

52.    LEE MEMORIAL HEALTH SYSTEM was either aware or should have been aware of the problems with JEOVANNI HECHAVARRIA and failed to take any action against him such as further investigation, discharge, or reassignment.

53.    At the time of the sexual assault, Plaintiff was an admitted and isolated female patient who was under the influence of narcotic pain medication. As such, Plaintiff was a vulnerable individual who would make an easy target for an individual attempting to sexually assault her.

54.    LEE MEMORIAL HEALTH SYSTEM failed to implement policies and/or procedures regarding the supervision of employees to ensure that vulnerable patients were protected and secure from physical assault and harm.

55.    LEE MEMORIAL HEALTH SYSTEM failed to conduct a reasonable investigation into JEOVANNI HECHAVARRIA, RN when doing so would have revealed that

he was unfit to be a night nurse at CAPE CORAL HOSPITAL.

56.    LEE MEMORIAL HEALTH SYSTEM owed Plaintiff a duty to ensure that she would be safe and free from physical assault and harm.

57.    LEE MEMORIAL HEALTH SYSTEM breached these duties to the Plaintiff by:

    a.  Allowing JEOVANNI HECHAVARRIA, RN to have unsupervised and unfettered access to female patients while in the hospital; and,

    b.  Failing to take corrective action or to investigate the problems with JEOVANNI HECHAVARRIA when LEE MEMORIAL HEALTH SYSTEM was on actual and/or constructive notice of his unfitness of being a night nurse.

58.    Based on JEOVANNI HECHAVARRIA's violent history towards woman and vulnerable individuals, as well as his serious misconduct while in the military, it was reasonably foreseeable that JEOVANNI HECHAVARRIA, RN would attack and assault vulnerable and isolated patients at CAPE CORAL HOSPITAL.

59.    As a proximate result, Plaintiff, was physically and sexually abused and assaulted, and suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, past, present, and future emotional and physical distress, extreme emotional mental and psychological injury, embarrassment, humiliation, shame, all of which exist to this day and will continue in the future.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

## COUNT III
## CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM
## NEGLIGENT HIRING

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 34 of this Complaint as if fully asserted herein.

60.     LEE MEMORIAL HEALTH SYSTEM knew or should have known about JEOVANNI HECHAVARRIA's disposition of violence towards women and vulnerable individuals.

61.     The information regarding JEOVANNI HECHAVARRIA, RN's domestic violence and injunctions was publically available through the Charlotte County Clerk of Court. LEE MEMORIAL HEALTH SYSTEM either accessed that information during the hiring process of JEOVANNI HECHAVARRIA or should have accessed that information as part of its background check of JEOVANNI HECHAVARRIA, RN.

62.     LEE MEMORIAL HEALTH SYSTEM knew or should have known that JEOVANNI HECHAVARRIA was unfit to be a night nurse employed by the health system based on the multiple injunctions entered against him for violence against women and vulnerable individuals. Also, LEE MEMORIAL HEALTH SYSTEM knew or should have known that JEOVANNI HECHAVARRIA was unfit to be a night nurse employed by the health system based on his serious misconduct offense while in the military and his termination from a prior employer.

63.     LEE MEMORIAL HEALTH SYSTEM was either aware or should have been aware of the problems with JEOVANNI HECHAVARRIA and failed to take any action against him during the hiring process such as further investigation or refusal to hire.

64.    At the time of the sexual assault, Plaintiff was an admitted and isolated female patient who was under the influence of narcotic pain medication. As such, Plaintiff was a vulnerable individual who would make an easy target for an individual attempting to sexually assault her.

65.    LEE MEMORIAL HEALTH SYSTEM failed to implement policies and/or procedures regarding the supervision of employees to ensure that vulnerable patients were protected and secure from physical assault and harm.

66.    LEE MEMORIAL HEALTH SYSTEM failed to conduct a reasonable investigation into JEOVANNI HECHAVARRIA, RN during the hiring process when doing so would have revealed that he was unfit to be a night nurse at CAPE CORAL HOSPITAL.

67.    LEE MEMORIAL HEALTH SYSTEM owed Plaintiff a duty to ensure that she would be safe and free from physical assault and harm.

68.    LEE MEMORIAL HEALTH SYSTEM breached these duties to the Plaintiff by:

    a. Failing to perform an adequate background check on JEOVANNI HECHAVARRIA, RN and investigate the domestic violence acts committed by him; and,

    b. Failing to contact individuals with important information and knowledge regarding the violent disposition of JEOVANNI HECHAVARRIA, RN.

69.    Based on JEOVANNI HECHAVARRIA's violent history towards woman and vulnerable individuals, as well as his serious misconduct while in the military, it was reasonably foreseeable that JEOVANNI HECHAVARRIA, RN would attack and assault vulnerable and

isolated patients at CAPE CORAL HOSPITAL.

70.     As a proximate result, Plaintiff, was physically and sexually abused and assaulted, and suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, past, present, and future emotional and physical distress, extreme emotional mental and psychological injury, embarrassment, humiliation, shame, all of which exist to this day and will continue in the future.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

## COUNT IV
## CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM
## NEGLIGENT SECURITY

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 34 of this Complaint as if fully asserted herein.

71.     At all times material, LEE MEMORIAL HEALTH SYSTEM, through its employees, servants, agents, security personnel, and/or representatives acting within the course and scope of their employment, owed a duty of care to its invitees, patrons, employees, executives, and anyone on the premises to provide adequate security measures able to protect against reasonably foreseeable acts of criminal violence.

72.     At all times material, LEE MEMORIAL HEALTH SYSTEM, in its own capacity and/or through its employees, servants, agents, security personnel, and/or representatives acting within the course and scope of their employment, knew or should have known that JEOVANNI HECHAVARRIA had a propensity to commit violent acts towards woman and vulnerable

individuals and LEE MEMORIAL HEALTH SYSTEM knew about these propensities within a reasonable time frame before the date of the incident complained of herein.

73.     At all times material, LEE MEMORIAL HEALTH SYSTEM, in its own capacity and/or through its employees, servants, agents, security personnel, and/or representatives acting within the course and scope of their employment, knew or should have known that the acts of criminal violence that had been perpetrated by JEOVANNI HECHAVARRIA were reasonably foreseeable to occur again in the future.

74.     As such, the criminal attack perpetrated on the date complaint of was reasonably foreseeable to LEE MEMORIAL HEALTH SYSTEM, and LEE MEMORIAL HEALTH SYSTEM was in a position superior to all others associated with CAPE CORAL HOSPITAL to appreciate such hazards and take necessary steps to prevent harm to its invitees, patrons, employees, etc., including the Plaintiff.

75.     However, LEE MEMORIAL HEALTH SYSTEM, through its employees, servants, agents, security personnel, and/or representatives acting within the course and scope of their employment, was negligent and breached its duty of care to the Plaintiff by committing the following acts and/or omissions, including, but not limited to:

        a.   failure to use reasonable care in the exercise of security measures;

        b.   failure to act when reasonable care was required;

        c.   failure to provide sufficient amount of security;

        d.   failure to keep all parts of the premises secure;

        e.   failure to maintain a code of security rules and regulations responsive to the type of conduct described in this Complaint;

    f.   failure to adequately train security personnel;

    g.   failure to adequately supervise security personnel;

    h.   failure to adequately supervise nursing personnel;

    i.   failure to employ adequately skilled and experienced security personnel;

    j.   failure to warn invitees, patrons, employees, agents, etc. of the nature and character of the hospital knowing that acts of criminal violence were reasonably foreseeable;

    k.   failure to have sufficient guards in visible area to deter crime;

    l.   failure to install a sufficient amount of security cameras in the hospital and other areas to deter and record criminal acts;

    m.   failure to take additional security measures after being on notice that the security measures were inadequate prior to the incident complained of;

    n.   failure to create and maintain an atmosphere of deterrence upon the premises; and

    o.   failure to recognize an unreasonably unsafe and/or unsecure condition on the premises.

76.    Because of the past acts of JEOVANNI HECHAVARRIA, RN, which were either known or should have been known by LEE MEMORIAL HEALTH SYSTEM, the assault of BRIANNA HAMMER was reasonably foreseeable to LEE MEMORIAL HEALTH SYSTEM and adequate security measures to protect BRIANNA HAMMER from the foreseeable assault were not taken.

77.    As a proximate result, Plaintiff was physically and sexually abused and assaulted, and suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, past, present, and future emotional and physical distress, extreme

emotional mental and psychological injury, embarrassment, humiliation, shame, all of which exist to this day and will continue in the future.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

## COUNT V
## CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM
## NEGLIGENCE

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 33 of this Complaint as if fully asserted herein.

78.    At all times material hereto LEE MEMORIAL HEALTH SYSTEM, as the owner and/or operator of CAPE CORAL HOSPITAL, owed a duty of care to its business invitees, specifically including the Plaintiff, to protect them and her against reasonably foreseeable criminal acts committed by their employees and/or third parties occurring on its property.

79.    At all times material hereto, prior to the sexual assault that is the subject of this action, other incidents of unwarranted, inappropriate, and improper sexual assaults, sexual violence, and physical violence had occurred which were perpetrated by male staff members and/or male employees so that such conduct was sufficiently well known and occurred with sufficient frequency so that the LEE MEMORIAL HOSPTIAL knew and/or should have known of this at the time the Plaintiff was a patient, and therefore owed her a duty of care to protect her from such assaults and should have taken steps and actions to prevent it from occurring.

80.    At all times material hereto, LEE MEMORIAL HEALTH SYSTEM, was careless and negligent and breached its duties of care owed to the Plaintiff by failing to take reasonable,

necessary and adequate steps to protect her from being sexually assaulted and sexually violated by JEOVANNI HECHAVARRIA, RN.

81.    LEE MEMORIAL HEALTH SYSTEM maintains this duty as a result of the implied hospital-patient contract that the patient shall be safe from bodily harm while within the hospital premises.

82.    LEE MEMORIAL HEALTH SYSTEM also maintains written policies, procedures, and manuals which specifically set forth that patients, like BRIANNA HAMMER, have a right to be free from physical violence while at the hospital.

83.    The hospital-patient relationship is unique in that the patient is in a vulnerable position as a result of infirmity and/or illness. A hospital, like CAPE CORAL HOSPITAL, implicitly guarantees the safety and well-being of the patients from harms.

84.    At all times material hereto, LEE MEMORIAL HEALTH SYSTEM, was careless and negligent and breached its duties of care owed to the Plaintiff by failing to take reasonable, necessary and adequate steps to protect her from being sexually assaulted and sexually violated by JEOVANNI HECHAVARRIA, RN.

85.    Because of the past act of JEOVANNI HECHAVARRIA, RN, the assault of BRIANNA HAMMER was reasonably foreseeable to LEE MEMORIAL HEALTH SYSTEM and LEE MEMORIAL failed to protect BRIANNA HAMMER from the foreseeable assault.

86.    As a direct and proximate result of the foregoing, the Plaintiff was sexually assaulted, sexually violated, has suffered and will continue to suffer severe and permanent physical, emotional, and psychological injuries and trauma, for which she seeks compensation in this action.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

**COUNT VI**
**CLAIM AGAINST LEE MEMORIAL HEALTH SYSTEM**
**VICARIOUS LIABILITY**

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 34 of this Complaint as if fully asserted herein.

87.    At all times material hereto JEOVANNI HECHAVARRIA, RN was an employee, agent, and/or servant of LEE MEMORIAL HEALTH SYSTEM.

88.    JEOVANNI HECHAVARRIA, RN was able to commit the sexual assault against the Plaintiff based solely on the authority and position afforded him by LEE MEMORIAL HEALTH SYSTEM.

89.    JEOVANNI HECHAVARRIA, RN was within the scope and course of him employment when he assaulted BRIANNA HAMMER because the assault occurred congruently with the medical care that he was providing to BRIANNA HAMMER.

90.    At the time of the assault, JEOVANNI HECHAVARRIA, RN informed BRIANNA HAMMER that "the doctor requested an observation and he had to check everything."

91.    JEOVANNI HECHAVARRIA, RN then touched her breasts, lower back, buttocks, and then spread her legs and looked at her vagina.  BRIANNA HAMMER did not give JEOVANNI HECHAVARRIA, RN consent to perform this type of touching at that time. JEOVANNI HECHAVARRIA advised BRIANNA HAMMER that this touching was requested

by the medical staff as part of a medical examination of her. JEOVANNI HECHAVARRIA, RN told BRIANNA HAMMER that he was "checking to see if everything was in place." JEOVANNI HECHAVARRIA, RN then checked BRIANNA HAMMER's vital signs and her intravenous (IV) line.

92.    JEOVANNI HECHAVARRIA, RN was provided unfettered access to the Plaintiff's hospital room based solely on his position as a registered nurse for LEE MEMORIAL HEALTH SYSTEM and the sexual assault against the Plaintiff occurred based on the position of authority provided to JEOVANNI HECHAVARRIA, RN by LEE MEMORIAL HEALTH SYSTEM.

93.    JEOVANNI HECHAVARRIA, RN assaulted BRIANNA HAMMER at the same time that he was allegedly providing medical care to her pursuant to his job at LEE MEMORIAL HEALTH SYSTEM.

94.    LEE MEMORIAL HEALTH SYSTEM is vicariously liable for the actions of JEOVANNI HECHAVARRIA, RN because he was an employee, agent, and/or servant of LEE MEMORIAL HEALTH SYSTEM.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against LEE MEMORIAL HEALTH SYSTEM, and a jury trial on all issues so triable as a matter of right.

## COUNT VII
## CLAIM AGAINST JEOVANNI HECHAVARRIA, RN
## ASSAULT AND BATTERY

The Plaintiff reallege and reaffirm each and every allegation contained in paragraphs 1 through 34 of this Complaint as if fully asserted herein.

92.    As more fully set forth hereinabove, the Defendant, JEOVANNI HECHAVARRIA, RN, sexually assaulted and sexually violated the Plaintiff.

93.    At all times material hereto, the actions and conduct of the Defendant, JEOVANNI HECHAVARRIA, RN, in sexually assaulting the Plaintiff, were without the permission and/or consent of the Plaintiff.

94.    At all times material hereto, the actions and conduct of the Defendant, JEOVANNI HECHAVARRIA, RN, in sexually assaulting the Plaintiff, were unwarranted and without any legal or moral justification.  The Plaintiff had an apprehension of unwanted touching caused by Defendant, JEOVANNI HECHAVARRIA, RN.

95.    JEOVANNI HECHAVARRIA, RN committed a battery when he, without consent, made sexual contact with the Plaintiff.

96.    The Plaintiff's apprehension of unwanted touching was caused directly by Defendant, JEOVANNI HECHAVARRIA, RN.

97.    As a direct and proximate result of the foregoing, the Plaintiff, has suffered and will continue to suffer severe and permanent physical, emotional, and psychological injuries and trauma, for which she seeks compensation in this action.

WHEREFORE, Plaintiff, demands judgment for damages, interest, and costs, against JEOVANNI HECHAVARRIA, RN, and a jury trial on all issues so triable as a matter of right.

## **CLAIMS FOR DAMAGES FOR ALL COUNTS**

98.    As a direct and proximate result of the aforementioned violations of civil rights, as well as the negligence of the Defendants, which caused the injuries of BRIANNA HAMMER, the Plaintiffs set forth below the listed claims.

BRIANNA HAMMER v. LEE MEMORIAL HEALTH SYSTEM, et al.
CASE NO: 18-CA-1517
Page 23 of 24

## CLAIM ON BEHALF OF BRIANNA HAMMER

99.     As a direct and proximate result of the violations of civil rights, as well as the negligence of the Defendants, that caused the injuries to BRIANNA HAMMER, the Plaintiff has in the past and will in the future continue to suffer:

   **a.**  Mental pain and suffering from the date of the incident into the future;

   **b.**  Loss of capacity for the enjoyment of life in the past and into the future;

   **c.**  Disability and physical impairment;

   **d.**  Aggravation of a previous condition; and,

   **e.**  Value of medical expenses in the past and into the future;

100.    The Plaintiff's, BRIANNA HAMMER, injuries are either permanent or continuing in nature and the Plaintiff will suffer the aforementioned losses and impairment in the future.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants and demand a trial by jury of all issues so triable by law and such other relief this Court may deem appropriate.

DATED this ___16th day of August, 2018.

Respectfully submitted
**DAVID J. HALBERG, P.A.**
Barristers Building
1615 Forum Place, Suite 3-B
West Palm Beach, FL  33401
PH:  (561) 616-3000
FAX:  (561) 688-0775
Service Email: Service@HalbergLaw.com

*/s/ Ryan A. Fogg*

By: _____

      Ryan A. Fogg (68773)
      David J. Halberg (162450)