UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. MYERS DIVISION

BRIANNA HAMMER,

    Plaintiff,

v.                                                Case No.: 2:18-cv-347-JES-MRM

LEE MEMORIAL HEALTH SYSTEM
d/b/a CAPE CORAL HOSPITAL, and
JEOVANNI HECHAVARRIA, R.N.,

    Defendants.
_____/

**DEFENDANT LEE HEALTH'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES**

Defendant Lee Memorial Health System d/b/a Cape Coral Hospital (hereinafter "Defendant Lee Health"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Partial Motion to Dismiss Plaintiff's Third Amended Complaint and submits the following:

Plaintiff filed her original Complaint in this matter on April 12, 2018. Thereafter, she amended her complaint on April 17, 2018 and again on April 24, 2018. After removing the case to this Court, Defendant Lee Health moved to dismiss Counts II through VI of her Second Amended Complaint. [D.E. 6]. The Court granted Defendant's Partial Motion to Dismiss, dismissing Counts II through VI without prejudice [D.E. 24], and Plaintiff filed her Third Amended Complaint for Damages (hereinafter "Third Amended Complaint"). [D.E. 25]. In her Third Amended Complaint, Plaintiff again alleges six counts related to the alleged assault of Plaintiff by a former employee of Defendant Lee Health, Jeovanni Hechavarria (hereinafter "Defendant Hechavarria"). Plaintiff alleges that while she was a patient at one of Defendant Lee Health's hospitals, Defendant Hechavarria was assigned as her nurse and sexually assaulted her.

She further alleges a variety of "facts" that she claims shows Defendant had actual and/or constructive notice of Defendant Hechavarria's allegedly harmful propensities and further that it was foreseeable that Defendant Hechavarria would attack patients. In addition, Plaintiff has brought one count against Defendant Hechavarria alleging assault and battery.

Counts II through VI against Defendant Lee Health of Plaintiff's Third Amended Complaint should be dismissed for failure to state a cause of action. More particularly, Plaintiff's claims fail to allege sufficient ultimate facts necessary to state a cause of action. In many cases, Plaintiff's allegations are conclusory in nature or are a mere recitation of the elements of the cause of action. As such, Plaintiff fails to meet the heightened pleading requirement required under the Federal Rules, and those claims against Defendant Lee Health should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the *Twombly* "plausibility" standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining the sufficiency of a complaint under a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See *Rehberg v. Paul*, 611 F.3d 828, 835 n. 1 (11th Cir. 2010); *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223 (11th Cir. 2008). However, the court need

not accept legal allegations unsupported by factual allegations, *Iqbal* at 556 U.S. 678; *Allah El v. Avesta Homes*, LLC, 520 Fed. Appx. 806, 2013 WL 2321421 (11th Cir. 2013), legal conclusions couched as factual allegations, *McGee v. JP Morgan Chase Bank, NA*, 520 Fed. Appx. 829, 2013 WL 2321782 (11th Cir. 2013), or conclusory factual allegations devoid of any reference to particular acts or events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). The complaint must contain "more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

As set forth below, Plaintiff has failed to allege sufficient facts to support her claims against Defendant Lee Health. Accordingly, Counts II through VI of Plaintiff's Third Amended Complaint should be dismissed.

**I.  Count II fails to allege sufficient facts to state a cause of action for negligent supervision.**

Count II of Plaintiff's Third Amended Complaint should be dismissed because she fails to allege sufficient facts to state a claim for negligent supervision. To state a cause of action for negligent supervision, the plaintiff must allege that the "employer knows or has reason to know that it is necessary to control an employee to prevent the employee from intentionally harming others, has the ability to control his employee and knows of the necessity and opportunity for exercising such control." *Gutman v. Quest Diagnostics Clinical Labs, Inc.*, 707 F.Supp.2d 1327, n. 4 (S.D. Fla. 2010). "Liability attaches when an employer (1) knows or should know about the offending employee's unfitness and (2) fails to take appropriate action." *Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1298 (M.D. Fla. 2006)(citing *Garcia v. Duffy*, 492 So.2d 435, 438–439 (Fla. 2d DCA 1986)).  More particularly, Plaintiff "must allege facts sufficient to show that the defendant received actual or constructive notice of problems with an employee's fitness, and it was unreasonable for the employer not to investigate and take corrective action." *Dickerson v.*

3

*Community West Bank*, 2015 WL 4879353, at *14 (M.D. Fla. Aug. 14, 2015)(citing *Garcia*, 492 So.2d at 441). Courts have held that an employer has constructive knowledge when the employer "has actual knowledge of facts and circumstances that would lead a reasonable person to inquire and discover the fact in question, or infer its existence." *Blue v. Miami-Dade County*, 2011 WL 2447699, at *4 (S.D. Fla. June 15, 2011)(quoting *Dadeland Dodge Inc. v. American Vehicle Ins. Co.*, 698 So.2d 929, 931 (Fla. 3d DCA 1997)). Moreover, it is the plaintiff's burden "to show that that employer had notice of the 'harmful propensities' of its employee." *Blue*, 2011 WL 2447699, at *4 (quoting *Willis v. Dade Cnty. Sch. Bd.*, 411 So. 2d 245, 246 n. 1 (Fla. 3d DCA 1982)). Here, Plaintiff fails to allege any facts showing that Defendant Lee Health had actual knowledge that would have led a reasonable person to inquire about or infer Defendant Hechavarria's "unfitness."

In addition, Plaintiff must demonstrate that there is "a connection and foreseeability between the employee's employment history and the current tort committed by the employee." *Dept't of Envt. Prot. v. Hardy*, 907 So.2d 655, 660 (Fla. 5th DCA 2005). Courts have explained that acts from the employee's history must relate and be similar to the complained-of tort. *Dickinson v. Gonzalez*, 839 So.2d 709, 714 (Fla. 3d DCA 2003). In addition, any acts that are alleged to show foreseeability must have occurred prior to the act in question; acts that occur after the act at issue are irrelevant. *Id.* Plaintiff does not set forth any facts or allegations in her Third Amended Complaint that demonstrate that it was foreseeable, based on Defendant Hechavarria's history, that he would commit the alleged torts of assault and battery.

Plaintiff claims in her Third Amended Complaint that that prior to hiring Defendant Hechavarria, Defendant Lee Health "either conducted a background check into his criminal and legal past and/or should have conducted a background check into his criminal and legal past." [D.E. 25, ¶ 10]. She also alleges a variety of "facts" regarding Defendant Hechavarria's

4

background that she claims Defendant Lee Health "either knew or should have known," including allegations of domestic violence, being discharged from the Navy for misconduct, and being terminated from his employment at Harbor Nissan. [D.E. 25, ¶¶ 23-32]. In Count II, Plaintiff further claims that Defendant Lee Health "knew or should have known about [Defendant Hechavarria's] disposition of violence towards women and vulnerable individuals." [D.E. 25, ¶ 48]. She also, in a plainly conclusory fashion, alleges that Defendant Lee Health "either had information in its possession regarding [Defendant Hechavarria] being unfit as a night nurse, and/or it had reasonable access to said information" and further that during the hiring process it accessed information regarding domestic allegations made against Defendant Hechavarria. [D.E. 25, ¶¶ 49-50].

Further, she alleges that given Defendant Hechavarria's allegedly "violent history towards woman [*sic*] and vulnerable individuals, as well as his serious conduct while in the military, it was reasonably foreseeable that [Defendant Hechavarria] would attack and assault vulnerable and isolated patients[.]" [D.E. 25, ¶ 58]. Finally, under the heading "**FORESEEABILITY**," Plaintiff alleges that after she was sexually assaulted, Defendant Hechavarria "sexually assaulted and raped two other female patients" in April 2016 and July 2016. [D.E. 25, ¶ 34].

These conclusory allegations by Plaintiff fail to establish the necessary elements of a cause of action for negligent supervision. Plaintiff's Third Amended Complaint does not include any facts showing that Defendant Lee Health had any actual knowledge of any facts and circumstances that would have led a reasonable person to inquire further and discover, or even infer, the existence of the allegations against Defendant Hechavarria. Rather, she merely concludes, without any specificity, that Defendant Lee Health accessed information or *should have* accessed information regarding Defendant Hechavarria and that it knew or should have known of his unfitness to be a

night nurse. Because Plaintiff's Third Amended Complaint is completely devoid of factual allegations to demonstrate that Defendant Lee Health had constructive knowledge that Defendant Hechavarria was unfit for his position, she has failed to state a claim for negligent supervision. See *Blue*, 2011 WL 2447699, at *4-5 (dismissing plaintiff's claim for negligent supervision where she failed to allege facts to establish that defendant had constructive knowledge of the employee's allegedly harmful propensities).

In addition, Plaintiff has not alleged sufficient facts that demonstrate that it was foreseeable, based on Defendant Hechavarria's history, that he would commit an alleged sexual assault. While Plaintiff claims that Defendant Hechavarria's military misconduct made it foreseeable that he would commit an alleged sexual assault, she completely fails to specify what offense he allegedly committed while in the Navy. See *Iqbal*, 556 U.S. at 678 (requiring that a complaint contain sufficient facts to state a claim for relief in order to survive a motion to dismiss); see also *Island City Flying Service v. General Electric Credit Corp.*, 585 So. 2d 274, 277 (Fla. 1991)(finding that military misconduct only had bearing on the foreseeability of an employee committing an act where the military misconduct was similar to the act currently in question). Similarly, Plaintiff fails to provide any specific facts regarding the discipline Defendant Hechavarria received while employed at Harbor Nissan and how they would have any bearing on the foreseeability of Defendant Hechavarria committing an alleged sexual assault. *Iqbal*, 556 U.S. at 678. In addition, while Plaintiff alleges that the history of domestic violence allegations, including the entering of a temporary injunction, against Defendant Hechavarria made his alleged conduct foreseeable, courts have explained that mere allegations made against an individual, without any findings, are not indicative of foreseeability. *Hazleton v. City of Orlando*, 2011 WL 13175527, at *11 (M.D. Fla. Oct. 19, 2011)(holding that a civil lawsuit filed against a police officer

alleging unlawful arrest while employed by a different agency does not support a claim for negligent supervision because it does not permit one to infer that the current employer knew or should have known of a propensity to commit unlawful arrests, stating that "the number of complaints filed against a law enforcement officer bears no relation to their validity."). Further, Plaintiff has not identified any facts showing how the domestic violence allegations made it foreseeable that Defendant Hechavarria would allegedly commit a sexual assault on a stranger.

All of the aforementioned allegations in Plaintiff's Complaint speak of information Plaintiff claims Defendant Lee Health should have known of prior to hiring Defendant Hechavarria, and therefore do not even support a claim for negligent retention. Negligent retention focuses on facts that arise or should have arisen after the employee was employed. The only alleged "fact" in the Complaint that speaks to events occurring after Defendant Hechavarria was hired by Defendant Lee Health is that on March 10, 2015, Defendant Hechavarria's former wife filed for a domestic violence injunction based on Defendant Hechavarria allegedly slapping his minor child, pushing her to the ground and choking her. However, this allegation is wholly insufficient to show that Defendant Lee Health should have known about this event. Further, the Complaint lacks any evidence that based on the unsubstantiated allegations in the domestic violence petition, it was foreseeable that Defendant Hechavarria would allegedly sexual assault a stranger. There is no nexus or connection between the domestic violence allegation and a sexual assault. As such, Plaintiff has failed to allege any facts to satisfy the pleading requirements of negligent supervision[1]. See *Polance v. City of Marco Island*, 2011 WL 2848655, at *2 (July 19,

---

[1] Plaintiff's inclusion of alleged facts from April 2016 and July 2016 are immaterial as events that occurred after Plaintiff's alleged assault cannot, as a matter of law, make the complained-of act foreseeable. *Dickinson*, 839 So.2d at 714.

7

2011)(dismissing plaintiff's negligent supervision claim where the plaintiff failed to allege any facts showing that it was foreseeable that the employee would commit the tort in question).

Because Plaintiff has failed to allege any facts showing that Defendant Lee Health had constructive notice of Defendant Hechavarria's harmful propensities and further failed to show that it was foreseeable that he would commit the alleged sexual assault, Plaintiff has failed to state a cause of action for negligent supervision. As a result, Count II should be dismissed.

### II. Plaintiff fails to allege any facts upon which to base a claim for negligent hiring.

Count III of Plaintiff's Third Amended Complaint should be dismissed because Plaintiff fails to plead sufficient facts necessary to prove a claim of negligent hiring. In order to state a cause of action for negligent hiring under Florida law, a

> plaintiff generally must allege facts sufficient to show that (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known.

*Garcia v. Duffy*, 492 So. 2d 435, 440 (Fla. 2d DCA 1986). Further, "a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee" and that he was unfit for his position. *Tello v. Royal Caribbean Cruises, Ltd.*, 939 F.Supp.2d 1269, 1276 (S.D. Fla. 2013); *Giambra v. Wendy's Intern., Inc.*, 2008 WL 5329300, at *2 (M.D. Fla. Dec. 19, 2008). Plaintiff fails to make these necessary factual showings.

In her Third Amended Complaint, Plaintiff seems to be hedging her bets by alleging that Defendant Lee Health "either conducted a background check into his criminal and legal past and/or should have conducted a background check into his criminal and legal past." [D.E. 25, ¶ 10]. However, in Count III, Plaintiff claims that Defendant Lee Health "failed to conduct a reasonable investigation into [Defendant Hechavarria] during the hiring process when doing so would have

8

revealed that he was unfit to be a night nurse[.]" [D.E. 25, ¶ 66]. In support of this allegation, Plaintiff, in a conclusory fashion, states that Defendant Lee Health "knew or should have known of [Defendant Hechavarria's] disposition of violence toward women and vulnerable individuals" due to the *availability* of records of the domestic violence allegations against him. [D.E. 25, ¶¶ 61, 62]. Further, Plaintiff claims, again in a conclusory fashion, that Defendant Lee Health "knew of should have known" that Defendant Hechavarria's alleged misconduct while in the military and termination from previous employment made him unfit to be a night nurse. [D.E. 25, ¶ 62] Clearly, although Plaintiff attempts to muddy the waters, Plaintiff's allegations as a whole allege that Defendant Lee Health *should have* conducted a more thorough background investigation and *should have* known about the alleged domestic violence allegations, details of the discharge from the military and that Plaintiff was allegedly terminated from a prior job.[2]

Plaintiff's claims are insufficient to state a cause of action for negligent hiring as she does not allege any facts showing that Defendant Lee Health was put on notice of his alleged harmful propensities. See Willis, 411 So. 2d at 246 n. 1 (explaining that to state a cause of action for negligent hiring, "a plaintiff must allege facts showing the employer was put on notice of the harmful propensities of the employee."). Further, Plaintiff does not allege facts sufficient to show that Defendant Hechavarria's alleged harmful propensities rendered him unfit for employment as a night nurse. First, she fails to provide any details regarding Defendant Hechavarria's misconduct during his military service that would have shown that he was unfit for his position. Similarly, Plaintiff fails to provide any specific facts regarding the discipline Defendant Hechavarria allegedly received while employed at Harbor Nissan that would have indicated he was not fit for

---

[2] Plaintiff is not alleging in this Complaint that Defendant Lee Health discovered any of this information during its background check and hiring of Defendant Hechavarria.  To do so would be completely disingenuous given that Plaintiff's counsel has done extensive discovery on this very issue in another pending case and has an obligation to not plead facts which are known to be false.

9

his position[3]. *Iqbal*, 556 U.S. at 678. In addition, while Plaintiff sets forth information regarding Defendant Hechavarria's history of domestic violence allegations, courts have explained that mere allegations made against an individual, without any findings, are not indicative of an individual's unfitness. *Hazleton*, 2011 WL 13175527, at *11. Further, Plaintiff has not alleged any facts that Defendant Lee Health should have known of this information outside merely conclusory allegations. Plaintiff has failed to allege that a reasonable standard of care or conduct by an employer is to dig through court files for non-criminal records and find this type of information as part of the hiring process. The mere fact that these records may exist does not establish that Defendant knew or should have known about them.

Furthermore, Plaintiff has not plead any facts to satisfy the foreseeability requirement. None of the historical allegations dug up by Plaintiff speak to the issue of sexual assault against a stranger. In fact, none of the alleged historical information has anything to do with sexual improprieties, violent or aggressive behavior toward strangers or the inability to provide patient care. To establish foreseeability, that acts from the employee's history must relate and be similar to the complained-of tort. *Dickinson*, 839 So.2d at 714.

Because Plaintiff's Third Amended Complaint fails to allege how Defendant Lee Health was on notice of Defendant Hechavarria's allegedly harmful propensities and unfitness, and fails to include any facts to establish foreseeability, Plaintiff has failed to state a cause of action and Count III should be dismissed.

---

[3] The mere fact that someone was allegedly terminated from a prior place of employment, without more, does not render one unfit for future employment.

### III.     Plaintiff has failed to allege sufficient facts to demonstrate foreseeability in Count IV.

Count IV should be dismissed because Plaintiff has failed to include any facts demonstrating that the alleged sexual assault was foreseeable. In Count IV, Plaintiff alleges a claim of negligent security, which courts have held "fall under the auspices of premises liability." *Nicholson v. Stonybrook Apartments, LLC*, 154 So. 3d 490, 494 (Fla. 4th DCA 2015). Under principles of premises liability, a property owner owes a business invitee a duty "(1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). Further, "[t]he duty of care owed by a landowner to an invitee with respect to protection from criminal acts of a third person is dependent upon the foreseeability of that third party's activity." *Admiral's Port Condo. Ass'n, Inc. v. Feldman*, 426 So. 2d 1054, 1054 (Fla. 3d DCA 1983). Courts have explained that proof of foreseeability can be based on the owner's actual or constructive knowledge of the particular assailant's propensity for violence. *Banosmoreno v. Walgreen Co.*, 299 Fed.Appx. 912, 913 (11th Cir. 2008).

Here, Plaintiff has not alleged sufficient facts to show that it was foreseeable that Defendant Hechavarria would commit the alleged sexual assault. In Count III, Plaintiff merely concludes that Defendant Lee Health "knew or should have known that [Defendant Hechavarria] had a propensity to commit violent acts towards woman [*sic*] and vulnerable individuals[.]" [D.E. 25, ¶ 72]. She further, and again in a conclusory fashion, alleges that the past acts of Defendant Hechavarria made it reasonably foreseeable that he would assault Plaintiff. [D.E. 25, ¶ 76]. Lastly, Plaintiff claims that Defendant Hechavarria's alleged prior acts of criminal violence "were reasonably foreseeable to occur again in the future. [D.E. 25, ¶ 76]. Even with the "facts" alleged

11

by Plaintiff under the "**ACTUAL AND CONSTRUCTIVE NOTICE**" and "**FORESEEABILITY**" sections, these allegations are wholly insufficient under the pleading standards to establish a cause of action of negligent security, and thus Count IV must be dismissed.

To begin, Plaintiff does not, in her Third Amended Complaint, specify the alleged misconduct Defendant Hechavarria allegedly committed during his military service that would have made the acts in question foreseeable. *Iqbal*, 556 U.S. at 678. Likewise, she fails to provide any specificity regarding the alleged discipline Defendant Hechavarria received while employed at Harbor Nissan and how it would have any bearing on the foreseeability of Defendant Hechavarria committing an assault and battery. *Id.* Further, as explained in more detail in Section I, the allegations of domestic violence against Defendant Hechavarria did not make the alleged acts in question foreseeable. See *Hazleton*, 2011 WL 13175527, at *11 (explaining that mere allegations made against an individual, including ones made in a court of law, without any findings, are not indicative of foreseeability). Lastly, Plaintiff provides absolutely no facts regarding what acts of criminal violence Defendant Hechavarria committed that would have made the act at issue reasonably foreseeable.

Based on the foregoing, Plaintiff has failed to allege a cause of action for negligent security, and thus Count IV should be dismissed.

  **IV.** **Plaintiff fails to allege facts to support Count V.**

Count V purports to allege a cause of action for negligence, but fails to allege any ultimate facts supporting its conclusory allegations. To state a claim for negligence, a plaintiff must prove a duty, breach of that duty, causation and damages. See *Clay Electric*, 873 So.2d at 1185. The element of duty centers around "whether the defendant's conduct created a broader 'zone of risk'

12

that poses a general threat of harm to others." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992)(citations omitted).

In Count V, Plaintiff alleges that "other incidents" of sexual assault had occurred, but fails to include any ultimate facts identifying those incidents. [D.E. 25, ¶ 79]. Similarly, Plaintiff alleges that Defendant Lee Health breached its duty owed to Plaintiff by failing to take necessary and adequate steps to protect her from sexual assault. [D.E. 25, ¶ 80]. She also concludes that the past acts of Defendant Hechavarria made the alleged assault of Plaintiff reasonably foreseeable. [D.E. 25, ¶ 79].

Plaintiff, however, continues to fail to include any facts about the alleged steps that should or could have been taken, or to identify any way in which Defendant Lee Health actually breached its duty. Merely stating that a defendant did not take adequate steps to protect from harm is insufficient to state a cause of action for negligence. Likewise, merely alleging that other sexual assaults occurred at the same location more than a year later is insufficient. Even if this were true, that is not sufficient to show that Defendant Lee Health breached a duty. There are no facts in the Complaint that speak to this alleged breach.

As for the allegations regarding Defendant Hechavarria in this general negligence section, these are the exact same conclusory facts Plaintiff raised in Counts II, III and IV. Plaintiff cannot support her general claim of negligence by relying on the exact same facts as those for negligent hiring, negligent retention and negligent security. To do so renders this claim completely superfluous. Furthermore, as explained in Sections I, II and III above, there is nothing that would have indicated that Defendant Hechavarria's alleged actions were foreseeable. Accordingly, Plaintiff's claim for negligence in Count V of her Third Amended Complaint should be dismissed.

### V.      Count VI should be dismissed for failure to allege a claim for vicarious liability

In Count VI, Plaintiff alleges that Defendant Lee Health is vicariously liable for the alleged assault of Plaintiff by its employee. To state a cause of action for vicarious liability for the tort of an employee, a plaintiff must prove that the action was "committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." *Iglesia Christiana La Casa Del Senor, Inc. v. L.M.*, 783 So.2d 353, 356 (Fla. 3d DCA 2001). Whether an act occurred within the scope of the employee's employment requires proof of three elements: (1) the misconduct is of the kind the employee was employed to perform; (2) the misconduct occurred substantially within the time and space limits authorized or required by the work to be performed; and (3) the misconduct was activated at least in part by a purpose to serve the master. See *Sussman v. Florida E. Coast Props., Inc.*, 557 So.2d 74, 75-76 (Fla. 3d DCA 1990).

In her Third Amended Complaint, Plaintiff states that Defendant Hechavarria was able to commit the alleged assault because he was provided unfettered access to Plaintiff through his employment at Defendant Lee Health. [D.E. 25, ¶ 92]. While Plaintiff claims that Defendant Hechavarria informed her that his touching was requested by the doctor and medical staff [D.E. 25, ¶¶ 90, 91], this is not sufficient to carry her burden of pleading ultimate facts in support of her claim. Plaintiff fails to include any facts to establish the first element – that the alleged misconduct was the type that Defendant Hechavarria was hired to perform. Similarly, Plaintiff fails to include any facts to establish the third element – that Defendant Hechavarria's alleged misconduct was activated in any way to serve Defendant Lee Health. In fact, sexual assaults are typically found to be outside the course and scope of employment and intended only to serve the employee's own desires. See *Goss v. Human Servs. Assocs., Inc.*, 79 So. 3d 127, 132 (Fla. Dist. Ct. App.

2012)(holding that "[h]ere, despite the fact that at least one of the sexual assaults occurred at Brown's place of work, the sexual assault was not within the course and scope of her employment because the act was not in furtherance of her employment with VisionQuest."). As this Court previously stated in its Opinion and Order [D.E. 24], merely alleging that the alleged assault occurred at Defendant Hechavarria's place of employment and that he allegedly made some statements to cover his alleged bad acts does not amount to facts supporting a claim for vicarious liability. To successfully plead such a claim, Plaintiff is required to plead ultimate facts of all three elements, and failure to do so should result in dismissal of her claim.

Because Plaintiff has failed to allege that the alleged misconduct was of the type that Defendant Hechavarria was hired to perform and that Defendant Hechavarria engaged in the alleged misconduct to serve Defendant Lee Health, Plaintiff has failed to state a cause of action and Count VI should be dismissed.

WHEREFORE**,** based on the foregoing, Defendant Lee Health respectfully requests that this Court dismiss Counts II through VI of Plaintiff's Third Amended Complaint.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
Allison R. Wallrapp-McMullan, Esq., Fla. Bar No. 106779
awallrapp@constangy.com
Secondary Email: tampa@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
(813) 223-7166 / Fax: (813) 223-2515

Mark A. Haskins, Esq., Fla. Bar No. 881627
Mark@markhaskinspa.com
Chris@markhaskinspa.com
MARK A. HASKINS, P.A.
2801 Fruitville Rd., Ste. 230
Sarasota, FL 34237

5394113v.1

(941) 281-4000

Attorneys for Defendant Lee Health

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2018, I filed a true copy of the foregoing document with the clerk of court using the CM/ECF System, which will send a notice of electronic filing to, or I otherwise served via email on, the following:

| | |
|---|---|
| Ryan A. Fogg, Esq.<br>David J. Halberg, Esq.<br>DAVID J. HALBERG, P.A.<br>1615 Forum Place, Ste. 3-B<br>West Palm Beach, FL 33401<br>Service@HalbergLaw.com<br>Served via CM/ECF | Jeovanni H. Hechavarria, R.N.<br>5320 Summerlin Rd., Unit 9<br>Ft. Myers, FL 33919<br>JHHechavarria@gmail.com<br>Served via email |

/s/Angelique Groza Lyons
        Attorney

5394113v.1