UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIANNA HAMMER,

    Plaintiff,

v.                                Case No: 2:18-cv-347-FtM-29MRM

LEE MEMORIAL HEALTH SYSTEM
and JEOVANNI HECHAVARRIA,
R.N.,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Partial Motion to Dismiss (Doc. #27) filed on August 30, 2018. Plaintiff filed a Response in Opposition (Doc. #30) on September 27, 2018. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

On August 16, 2018, Plaintiff Brianna Hammer (Plaintiff) filed a seven-count Third Amended Complaint (Doc. #25) against Lee Memorial Health System (Lee Memorial) and Jeovanni Hechavarria (Hechavarria).[1] Plaintiff asserts claims against Lee Memorial for

---

[1] Plaintiff initially filed this lawsuit in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida (Doc. #2), but Lee Memorial has since removed the case to this Court based on federal question and supplemental jurisdiction. (Doc. #1).

violation of her civil rights pursuant to 42 U.S.C. § 1983 (Count I), negligent supervision (Count II), negligent hiring (Count III), negligent security (Count IV), negligence (Count V), and vicarious liability (Count VI). Plaintiff asserts a claim against Hechavarria for assault and battery (Count VII).

According to the Third Amended Complaint (Doc. #25): On March 15, 2015 through March 17, 2015, Plaintiff was a patient at Cape Coral Hospital, a hospital operated by Lee Memorial. (Id. ¶¶ 6, 8, 9.) Hechavarria was Plaintiff's nurse for the evenings of March 15, 2015 and March 16, 2015. (Id. ¶ 10.) On March 16, 2015, while Plaintiff was medicated with a narcotic pain medication, Hechavarria touched Plaintiff's "breasts, lower back, buttocks, and then spread her legs and looked at her vagina" without Plaintiff's consent. (Id. ¶¶ 12, 13.) Later that evening, Hechavarria returned to Plaintiff's room and put "his hand in between her legs penetrating her vagina" without Plaintiff's consent. (Id. ¶ 14.)

Before Hechavarria was hired as a nurse by Lee Memorial, Hechavarria had been disciplined by former employers for workplace misconduct and had multiple temporary injunctions issued against him for domestic violence. In 1999, Hechavarria "had a temporary injunction for protection against domestic violence entered against him" when he punched and slapped a woman for refusing to have sexual intercourse with him. (Id. ¶ 25.) In 2007,

Hechavarria was discharged from the United States Navy "for misconduct that was classified as a "'serious offense.'" (Id. ¶ 23.) In 2008, while an employee of Harbor Nissan, Hechavarria was disciplined for violating "company policies or procedures" and was eventually "terminated as an employee of Harbor Nissan." (Id. ¶ 31.) In 2010, Plaintiff had a second "temporary injunction for protection against domestic violence entered against him" for stalking his wife when she "left him and obtained her own apartment." (Id. ¶ 27.) On March 10, 2015, while he was employed by Lee Memorial, Hechavarria had a third "temporary injunction for protection against domestic violence . . . entered against him" for "slapp[ing] [his daughter] across the face, push[ing] her to the ground, punch[ing] her and chok[ing] her." (Id. ¶ 29.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

Lee Memorial now moves to dismiss Counts II, III, IV, V, and VI. Lee Memorial argues those Counts should be dismissed because Plaintiff failed to allege sufficient facts to state actionable claims against Lee Memorial.

4

**A.   The Negligent Supervision Claim (Count II)**

Count II is a claim against Lee Memorial for negligent supervision.  It alleges that Lee Memorial knew or should have known that Hechavarria was "unfit to be employed as a night nurse" because of his "disposition of violence towards women and vulnerable individuals."  (Doc. #25, ¶¶ 48, 49.)  Lee Memorial argues Count II should be dismissed because Plaintiff failed to allege sufficient facts to demonstrate that Lee Memorial had notice of problems with Hechavarria's fitness to work as a nurse.  The Court agrees.

"Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment."  Dep't of Envtl. Prot. v. Hardy, 907 So. 2d 655, 660 (Fla. 5th DCA 2005).  To state a claim for negligent supervision under Florida law, a plaintiff must "allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action."  Id.

Here, Lee Memorial argues Count II should be dismissed because Plaintiff failed to allege that Lee Memorial had any notice of problems with Hechavarria's fitness to work as a nurse.  Because

5

the Third Amended Complaint alleges no facts plausibly indicating that Lee Memorial had actual knowledge of problems with Hechavarria's fitness to work as a nurse, the issue in this case is whether Lee Memorial had constructive notice of problems with Hechavarria's fitness.

A party has "constructive knowledge of a fact when that party has actual knowledge of facts and circumstances that would lead a reasonable person to inquire and discover the fact in question, or infer its existence." Dadeland Dodge Inc. v. Am. Vehicle Ins. Co., 698 So. 2d 929, 931 (Fla. 3d DCA 1997) (citation omitted). Plaintiff argues that Lee Memorial had constructive notice of problems with Hechavarria's fitness because it "knew or *should have known* about" Hechavarria's previous workplace misconduct and domestic violence history. (Doc. #30, p. 6) (emphasis in original). However, to demonstrate that Lee Memorial had constructive notice of problems with Hechavarria's fitness, Plaintiff must allege that Lee Memorial had "actual knowledge of [the] facts and circumstances" surrounding Hechavarria's past. Dadeland Dodge, 698 So. 2d at 931.

The Third Amended Complaint alleges no facts indicating that Lee Memorial had actual knowledge of these facts, but instead merely alleges that Lee Memorial "was either aware or should have been aware of the problems with" Hechavarria's history. (Doc. #25, ¶ 52.) This bare assertion, however, is insufficient to

plausibly state that Lee Memorial had actual knowledge of Hechavarria's history prior to his alleged sexual assault on Plaintiff. See Iqbal, 556 U.S. at 681 (holding that "bare assertions [of a party's knowledge] . . . amount to nothing more than a formulaic recitation of the elements of a" cause of action (quotation and citations omitted)).

Because Plaintiff has not alleged any facts demonstrating that Lee Memorial had actual knowledge of Hechavarria's past behavior, Plaintiff has not plausibly stated that Lee Memorial "received actual or constructive notice of problems with [Hechavarria's] fitness" to work as a nurse. Hardy, 907 So. 2d at 660. Accordingly, Plaintiff has not sufficiently stated a negligent supervision claim. Count II is therefore dismissed without prejudice.

**B.  The Negligent Hiring Claim (Count III)**

Count III asserts a claim against Lee Memorial for negligent hiring. It alleges that Lee Memorial "knew or should have known about [Hechavarria's] disposition of violence towards women and vulnerable individuals" prior to hiring Hechavarria as a nurse. (Doc. #25, ¶ 60.) Lee Memorial argues Count III should be dismissed because Plaintiff failed to allege sufficient facts to state a claim for negligent hiring. The Court disagrees.

"Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the

employee's unfitness . . . ." Garcia v. Duffy, 492 So. 2d 435, 438 (Fla. 2d DCA 1986). To state a claim for negligent hiring under Florida law, a plaintiff must allege that: (1) the employer was required to make an appropriate investigation of the employee but failed to do so; (2) an appropriate investigation would have revealed the employee's unsuitability for employment; and (3) "it was unreasonable for the employer to hire the employee in light of the information [the employer] knew or should have known."[2] Id. at 440. A plaintiff must also plausibly demonstrate that "she [was] within the zone of foreseeable risks created by the employment." Id.

Here, Lee Memorial argues Plaintiff failed to plausibly allege that it was unreasonable for Lee Memorial to hire Hechavarria in light of the information Lee Memorial should have known about him. Specifically, Lee Memorial contends that

---

[2] Citing to Willis v. Dade Cty. Sch. Bd., 411 So. 2d 245, 246 n. 1 (Fla. 3d DCA 1982), Lee Memorial also appears to argue that Plaintiff must allege facts demonstrating that Lee Memorial had *actual* knowledge of Hechavarria's alleged harmful propensities. In Willis, the court noted that to state a negligent hiring claim, "a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee . . . ." Id. Because the Court is aware of no Florida case law interpreting Willis's "on notice" language, the Court interprets this "on notice" requirement as synonymous with Duffy's requirement that an employer "knew or should have known of the employee's unfitness . . . ." Duffy, 492 So. 2d at 438. To interpret Willis's "on notice" language as requiring actual knowledge would render Duffy's "should have known" language superfluous.

8

Plaintiff alleged no facts plausibly indicating that Hechavarria's undiscovered "alleged harmful propensities rendered him unfit for employment as a night nurse."[3] (Doc #27, p. 9.) While Plaintiff provided no details about Hechavarria's workplace misconduct issues during his military service and during his employment at Harbor Nissan, the Court finds that Plaintiff has plausibly alleged that it was unreasonable for Lee Memorial to hire Hechavarria in light of the information it should have known about Hechavarria's alleged history of domestic violence.[4]

Lee Memorial further argues that Plaintiff failed to demonstrate that Hechavarria's alleged sexual assault against

---

[3] Lee Memorial also argues that Plaintiff failed to allege that Lee Memorial was required "to dig through court files for non-criminal records and find" Hechavarria's domestic violence records as part of its pre-employment investigation into Hechavarria. (Doc. #27, p. 10.) However, whether an employer took the appropriate "efforts to inquire into [a] prospective employee's background . . . [is] a jury question" and thus not properly resolved on a motion to dismiss. Tallahassee Furniture Co. v. Harrison, 583 So. 2d 744, 761 (Fla. 1st DCA 1991).

[4] Relying on Hazleton v. City of Orlando, No. 610CV342ORL35DAB, 2011 WL 13175527, at *12 (M.D. Fla. Oct. 19, 2011), Lee Memorial argues "that mere allegations made against an individual, without any findings, are not indicative of an individual's unfitness." (Doc. #27, p. 10.) The Court finds Hazleton unpersuasive. In Hazleton, the court noted that complaints asserted against police officers – after they were already hired - are not evidence of "a widespread pattern of constitutional abuses . . . ." Hazleton, 2011 WL 13175527, at *12. The court in Hazleton, however, made no finding as to whether complaints asserted against a prospective police officer should be investigated prior to hiring, nor did it address whether such allegations should impact a police department's decision to hire that individual.

9

Plaintiff was foreseeable. Specifically, Lee Memorial contends that Plaintiff alleged no facts about Hechavarria's history that indicate it was foreseeable Hechavarria "would commit the alleged torts of assault and battery." (Doc. #27, p. 4.) In the negligent hiring context, the foreseeability "inquiry is focused on whether the specific danger that ultimately manifested itself . . . reasonably could have been foreseen at the time of hiring." Malicki v. Doe, 814 So. 2d 347, 362 (Fla. 2002). In the Third Amended Complaint, Plaintiff asserts that in 1999, Hechavarria punched and slapped a woman after she refused to have sexual intercourse with him. (Doc. #25, ¶ 25.) The Third Amended Complaint further alleges that in 2010, Hechavarria had a "temporary injunction for protection against domestic violence entered against him" for stalking his wife after she separated from him. (Id. ¶ 27.) Accepting these claims about Hechavarria's history as true, the Court finds these allegations plausibly demonstrate that Hechavarria's alleged sexual assault on Plaintiff "reasonably could have been foreseen at the time of hiring." Malicki, 814 So. 2d at 362.

In sum, the Court finds that Plaintiff has plausibly stated that (1) Hechavarria's alleged harmful propensities rendered him unfit to work as a nurse; and (2) Hechavarria's alleged sexual assault was reasonably foreseeable. Accordingly, the Court denies Lee Memorial's motion as to Count III.

C.  **The Negligent Security Claim (Count IV)**

Count IV is a claim for negligent security. It alleges that Lee Memorial failed to provide Plaintiff with adequate security to protect her from the reasonably foreseeable criminal acts of Hechavarria. Lee Memorial argues Count IV should be dismissed because Plaintiff failed to allege any facts demonstrating that Hechavarria's alleged sexual assault against Plaintiff was foreseeable. The Court disagrees.

In Florida, "negligent security cases fall under the auspices of premises liability as opposed to ordinary negligence." Nicholson v. Stonybrook Apartments, LLC, 154 So. 3d 490, 494 (Fla. 4th DCA 2015). A defendant's duty of care in a premises liability action depends "on the plaintiff's status to the land." Id. Under Florida premises liability principles, a property owner owes two duties to a business invitee[5]: "(1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover." Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). "The duty of care owed by a landowner to an invitee with respect to

---

[5] A hospital patient is a business invitee under Florida law. See Post v. Lunney, 261 So. 2d 146, 147-48 (Fla. 1972) ("[A]n invitee is one who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises." (quotation and citation omitted)).

11

protection from criminal acts of a third person is dependant upon the foreseeability of that third party's activity." Admiral's Port Condo. Ass'n, Inc. V. Feldman, 426 So. 2d 1054, 1054 (Fla. 3d DCA 1983).

Here, Plaintiff alleges that Lee Memorial owed her a duty to protect her from Hechavarria's reasonably foreseeable criminal acts. Lee Memorial, however, argues that it owed Plaintiff no duty to provide her with security from Hechavarria because Hechavarria's alleged sexual assault was not reasonably foreseeable.

In the premises liability context, foreseeability of criminal conduct may be demonstrated when a property owner "knew or should have known of the dangerous propensities of a particular [person]." Stevens v. Jefferson, 436 So. 2d 33, 34 (Fla. 1983) (citations omitted). At this stage of the litigation, the Court finds Plaintiff has plausibly stated that Lee Memorial should have known about Hechavarria's alleged harmful propensities as part of its pre-employment investigation into Hechavarria. The Court further finds, as discussed *supra*, that Plaintiff plausibly stated that Hechavarria's alleged sexual assault reasonably could have been foreseen in light of his alleged history of domestic violence. Thus, because Plaintiff has sufficiently stated that Lee Memorial owed her a duty to protect her from Hechavarria's reasonably

foreseeable criminal acts, the Court denies Lee Memorial's motion as to Count IV.

**D. The Negligence Claim (Count V)**

Count V is a negligence claim against Lee Memorial. It asserts that Lee Memorial failed to protect her from the "reasonably foreseeable criminal acts committed by" Hechavarria. (Doc. #25, ¶ 78.)

As the Court noted in its previous Opinion and Order (Doc. # 24), ordinary negligence and negligent security claims are separate causes of action and are subject to a different duty of care analysis. Nicholson, 154 So. 3d at 494. In this case, however, although Count V is framed as an ordinary negligence claim, it mirrors the allegations in Plaintiff's negligent security claim in Count IV. Specifically, in both Counts IV and V, Plaintiff alleges (1) that Lee Memorial owed Plaintiff a duty to protect her from reasonably foreseeable criminal acts; (2) that Lee Memorial breached its duty by failing to take adequate steps to protect her from Hechavarria; and (3) Lee Memorial's breach resulted in Hechavarria's alleged sexual assault on Plaintiff. Because Count V simply re-alleges the same claim as Count IV, the Court dismisses without prejudice Count V as a duplicative Count.

**E. The Vicarious Liability Claim (Count VI)**

Count VI asserts a claim against Lee Memorial for vicarious liability. Lee Memorial argues Count VI should be dismissed

because Plaintiff has not plausibly stated that Hechavarria's alleged sexual assault was within the scope of his employment. The Court disagrees.

Under Florida law, "an employer cannot be held [vicariously] liable for the tortious or criminal acts of an employee, unless the acts were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So. 2d 353, 356 (Fla. 3d DCA 2001) (citations omitted). An employee's conduct is within the scope of his employment when it "(1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master." Goss v. Human Servs. Assocs., Inc., 79 So. 3d 127, 132 (Fla. 5th DCA 2012).

Sexual assaults "are generally held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer." Id. (citation omitted). Florida courts recognize an exception to this rule and have found employers vicariously liable for sexual assaults committed by their employees "when the employee purported to act on behalf of the employer or when the employee was aided by the agency relationship." Id. (citation omitted). For instance, in Hennagan v. Dep't of Highway Safety & Motor Vehicles, 467 So. 2d 748, 750-

51 (Fla. 1st DCA 1985), the court found this exception applied where a law enforcement officer informed a minor that she was a criminal suspect, requested that she enter his vehicle, and then sexually assaulted her in the vehicle. The court reasoned that the officer's alleged actions could be attributed, "at least in part, to misfeasance and/or overzealousness in the performance of his official duties" as a law enforcement officer. Id. at 751.

In Agriturf Mgmt., Inc. v. Roe, 656 So. 2d 954, 955 (Fla. 2d DCA 1995), the court distinguished Hennagan and found the exception inapplicable where a business operator sexually assaulted his granddaughter while she was with him on his company's premises. In finding the company not vicariously liable for the sexual assault, the court reasoned that, unlike in Hennagan where the officer "used the authority of his office to lure" the minor into his vehicle and ultimately sexually assault her, the business operator's "misconduct did not have as its source or its purpose any intent to serve" the business. Id. Likewise, in Iglesia, 783 So. 2d at 357-58, the court found the same exception inapplicable where a pastor sexually assaulted a church attendee at a hotel. The court held the church was not vicariously liable for the pastor's sexual assault because, although the pastor had access to the church attendee because of his position as pastor, the sexual assault did not occur on church property and the pastor "was not engaging in authorized acts or serving the interests of the Church

during the time he tried to seduce her or on the day he" sexually assaulted her. Id. at 358.

Here, the Third Amended Complaint asserts that at the time of Hechavarria's alleged sexual assault on Plaintiff, Hechavarria informed Plaintiff that "'the doctor requested an observation and he had to check everything'" with Plaintiff. (Doc. #25, ¶ 90.) The Third Amended Complaint alleges that Hechavarria then "touched her breasts, lower back, buttocks, and then spread her legs and looked at her vagina." (Id. ¶ 91.) The Third Amended Complaint further alleges that Hechavarria informed Plaintiff "that this touching was requested by the medical staff as part of a medical examination" so that Hechavarria could "'check[] to see if everything was in place.'" (Id.) According to the Third Amended Complaint, Hechavarria also checked Plaintiff's vital signs and her intravenous line during this time. (Id.) The Court finds these allegations distinguishable from those in Agriturf and Iglesia and analogous to the facts in Hennegan because Hechavarria's alleged conduct could be attributed, "at least in part, to misfeasance and/or overzealousness in the performance of his" duties as a nurse. Hennagan, 467 So. 2d at 751. Thus, at this stage of the litigation, the Court finds Plaintiff has plausibly alleged that Hechavarria "purported to act on behalf of" Lee Memorial when he allegedly sexually assaulted Plaintiff. Goss, 79 So. 3d at 132.

For the foregoing reasons, Plaintiff has stated a legally sufficient claim for vicarious liability. Thus, the Court denies Lee Memorial's motion as to Count VI.

Accordingly, it is now

**ORDERED:**

1. Defendant's Partial Motion to Dismiss (Doc. #27) is **GRANTED IN PART AND DENIED IN PART**.

2. The motion is **GRANTED** as to Counts II and V, which are **dismissed without prejudice**.

3. The motion is **DENIED** as to Counts III, IV, and VI.

4. Plaintiff may file an amended complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this \_\_\_18th\_\_\_ day of October, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record