UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIANNA HAMMER,

Plaintiff,

v. Case No: 2:18-cv-347-FtM-29MRM

LEE MEMORIAL HEALTH SYSTEM and JEOVANNI HECHAVARRIA, R.N.,

Defendants.

---

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #56), filed August 5, 2019, recommending that plaintiff's Motion for Leave of Court to Supplement and Amend Third Amended Complaint (Doc. #54) be denied. Plaintiff filed Objections to the Report and Recommendations (Doc. #59) on August 19, 2019, and defendant Lee Memorial Health System filed a Response to Plaintiff's Objections (Doc. #64) on September 3, 2019.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

This case was removed to federal court on May 17, 2018, on the Second Amended Complaint (Doc. #2). On August 3, 2018, the Court granted a Partial Motion to Dismiss (Doc. #6) for failure to state a claim, and dismissed Counts II, III, IV, V, and VI without prejudice to amending. (Doc. #24.) On August 16, 2018, plaintiff filed a Third Amended Complaint (Doc. #25). Defendant Lee Memorial Health System once again moved to dismiss, and on October 18, 2018, the motion was granted in part and denied in part. By Opinion and Order (Doc. #31), the Court granted the motion as to Counts II and V, dismissing these counts without prejudice, and otherwise denied the motion. Plaintiff took no action as to the dismissed counts, and on November 7, 2018, defendant filed an Answer and Affirmative Defenses (Doc. #32). An Amended Case Management and Scheduling Order (Doc. #35) was issued without

extending a deadline to amend the pleadings, and trial is set for the March 2020 trial term.[1] On July 18, 2019, plaintiff filed the Motion for Leave of Court to Supplement and Amend Third Amended Complaint (Doc. #54) to include "uncovered facts the sexual assault against the Plaintiff was foreseeable in the five (5) years prior to March 2015", that plaintiff's sexual assault was reasonably foreseeable, and that defendant failed to adequately train, educate and/or supervise its employees for the prevention of future sexual assaults. (Doc. #54, pp. 3, 8.) Plaintiff argued that "no meaningful discovery in the case had occurred" and therefore the deadline to amend could not have been met. (Id., p. 4.)

The current motion seeking to supplement and/or amend to add facts discovered during discovery was filed approximately 9 months after the expiration of the deadline to amend pleadings. (Doc. #56, p. 3.) The Magistrate Judge reviewed the motion for good cause and excusable neglect in concluding that "allowing Plaintiff to file and proceed on the expanded allegations in the Fourth Amended Complaint would throw open the doors of expert discovery when the deadlines governing expert discovery – which were set long ago and modified multiple times already – have now lapsed. (Id., pp. 7-8.) The Magistrate Judge found that the expanded

[1] As noted by the Magistrate Judge, the parties stipulated to an October 15, 2018, deadline to file motions to add parties or to amend pleadings. (Doc. #56, p. 3.)

allegations would be “highly prejudicial” to defendant, and further found that the reasons for delay were “unpersuasive and self-defeating.” (Id., pp. 8, 11.) The Magistrate Judge concluded that plaintiff had not acted in good faith, and had failed to demonstrate excusable neglect.

Plaintiff objects that the supplemental facts would not expand the allegations, and both parties have retained experts on the issues[2] so defendant would suffer no prejudice. Plaintiff objects that the request to amend was in good faith and simply to provide more detailed factual allegations to the broader allegations. After a careful and complete review of the findings and recommendations, as well as the record in this case, the Court accepts the Report and Recommendation of the magistrate judge and overrules the objections. The Court simply cannot find good cause or excusable neglect for failing to timely seek to extend the deadline to amend the pleadings if discovery was indeed still ongoing, and in light of the current posture of this case.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #56) is hereby **ACCEPTED and ADOPTED** and the findings incorporated herein.

[2] Defendant denies this fact arguing that there is nothing to suggest that Lee Memorial Health System’s expert analyzed the education, training, or supervision of any of its thousands of employees. (Doc. #64, p 12.)

2. Plaintiff's Objections to the Report and Recommendations (Doc. #59) are **overruled**.

3. Plaintiff's Motion for Leave of Court to Supplement and Amend Third Amended Complaint (Doc. #54) is **denied**.

**DONE and ORDERED** at Fort Myers, Florida, this 6th day of September, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Mac R. McCoy
United States Magistrate Judge

All Parties of Record