UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIANNA HAMMER,

     Plaintiff,

v.                         CASE NO. 2:18-cv-347-FtM-PAM-MRM

LEE MEMORIAL HALTH SYSTEM
d/b/a CAPE CORAL HOSPITAL and
JEOVANNI HECHAVARRIA, R.N.,

     Defendants.

_____/

## DEFENDANT JEOVANNI HECHAVARRIA'S AMENDED MOTION TO STAY

Defendant Jeovanni Hechavarria, by and through his undersigned counsel, hereby files his Amended Motion to Stay these proceedings pending resolution of criminal charges against him arising out of the same matter[1].  In support hereof, Hechavarria states as follows:

### I. Background

This action arises out of an alleged sexual assault and battery of Plaintiff Brianna Hammer while she was a patient at Cape Coral Hospital.  (See Doc. 25, p.3.)  Plaintiff alleges that Hechavarria, who was then serving as a nurse at the hospital, sexually assaulted and battered her.  (Id.).

On September 26, 2017, Hechavarria was criminally charged with sexual battery against Plaintiff.  The criminal charges are currently pending in the Twentieth Judicial Circuit in Lee County, Florida.  On May 17, 2018, Plaintiff filed this action suing

---

[1] Defendant is correcting an error in its initial motion which indicated a criminal trial was set on March 2, 2020, when in fact that is the date of the scheduled civil trial.

Hechavarria for the same alleged sexual battery.  Both the civil and criminal case have been proceeding at a parallel speed.  The criminal action was originally brought together with another sexual battery claim brought against Hechavarria involving Donia Goines. The cases were severed, however, in November 2019. The Goines matter has already been tried and Mr. Hechavarria is awaiting sentencing.

This Court has set the civil trial to begin during the March 2020 trial term. Hammer's criminal case is expected to be set for trial following Mr. Hechavarria's sentencing on March 3, 2020 in the Goines criminal case. Hechavarria could be forced to assert his Fifth Amendment privilege against self-incrimination in the instant action, significantly impairing his ability to defend himself against Ms. Hammer allegations,  in order to preserve his rights in the criminal case.  Hechavarria thus seeks a stay of these proceedings until the criminal case arising out of Hammer's allegations against him is concluded.  Without such relief, Hechavarria is unable to mount a proper defense against Ms. Hammer's claims.

## II. Argument

District courts are vested with substantial discretion to stay civil proceedings.  See Clinton v. Jones, 520 U.S. 681, 706 (1997).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  Landis v. North American Co., 299 U.S. 248, 254-55 (1936).

The mere existence of parallel criminal and civil proceedings does not compel a stay of the latter.  See United States v. Lot 5, Fox Grove, Alachua Cty., Fla., 23 F.3d 359,

364 (11th Cir. 1994). However, a court must stay a civil proceeding pending resolution of a related criminal prosecution when "special circumstances" so require in the "interests of justice." Id. at 364; see also U.S. ex rel. Gonzalez v. Fresenius Medical Care North America, 571 F. Supp. 2d 758, 762 (W.D. Tex.2008) ("a mere relationship between civil and criminal proceedings and the prospect that discovery in the civil case could prejudice the criminal proceeding does not necessarily warrant a stay"). District courts are vested with substantial discretion in deciding whether the interests of justice favor a stay. See, e.g., Winn-Dixie Stores, Inc. v. Big Lots Stores, Inc., No. 9:11-80638-DMM, 2012 WL 1890547, at *1 (S.D. Fla. May 11, 2012).

Courts have identified a number of factors to consider when addressing a stay requested due to parallel criminal proceedings, such as "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." Doe 1 v. City of Demopolis, No. CIV A 09-0329-WS-N, 2009 WL 2059311, at *3 (S.D. Ala. July 10, 2009). Although each may have relevance, "the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." Id.; see also Chao v. Fleming, 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007) (degree of overlap is "the most important factor" because absent such overlap there would be no need for a stay). Applying these factors here, a stay is appropriate.

Page 3

First, and most importantly, there is an overwhelming degree of overlap between this case and Hechavarria's criminal prosecution. Hechavarria's alleged criminal behavior is the basis for all Plaintiff's claims against him. Put simply, the pending criminal case and this case "turn on the same questions concerning [Defendant's] misconduct." S.W. v. Clayton Cty. Pub. Sch., 185 F. Supp. 3d 1366, 1372 (N.D. Ga. 2016). ("There was a clear overlap between criminal charges . . . and civil claims asserted against [defendant] in relation to alleged sexual harassment and assault, thus weighing in favor of staying civil action pending resolution of criminal case where same misconduct acted as basis for most of criminal charges.")

A stay is also appropriate because Hechavarria has been indicted for the same misconduct alleged in this civil case. With one case already tried to a conclusion, Defendant anticipates the criminal proceedings will be quickly resolved. See Frierson v. City of Terrell, No. CIV.A.3:02CV2340-H, 2003 WL 21355969, at *3 (N.D. Tex. June 6, 2003) (finding defendant's indictment and pending status of the criminal case weighed in favor of a stay).

Allowing this matter to proceed parallel with the criminal case is highly prejudicial to Hechavarria as he will effectively have no choice but to invoke his Fifth Amendment privilege against self-incrimination if the civil trial proceeds first. Because he and Plaintiff are the only two witnesses to the alleged assault, Hechavarria will be without a defense if unable to take the stand. The only prejudice to Plaintiff, on the other hand, is a brief delay in litigation. These harms are plainly not equal. See Young v. Miami-Dade Cty., 217 F. Supp. 3d 1353, 1355 (S.D. Fla. 2016) (finding a defendant's possible invocation

of Fifth Amendment against self-incrimination warranted a stay pending the criminal proceeding).

Lastly, a stay would benefit judicial economy and public interests.  If Hechavarria is found guilty in the criminal proceeding, that adjudication will presumably have some preclusive effect on this case.  In other words, the criminal case could conclusively determine the parties' dispute here - whether Hechavarria did or did not sexually assault Plaintiff.  See, e.g., In re Financial Federated Title and Trust, Inc., 347 F.3d 880, 886 n. 5 (11th Cir.2003) (finding the "[c]oncept of collateral estoppel applied to prevent relitigation of issues subsequently brought in a civil suit to the related issues determined in the criminal proceedings).  Alternatively, if Hechavarria is acquitted, a vast majority of evidence in the criminal case will be used in this matter because both cases are based on the same facts.  Accordingly, allowing the criminal case to run its course will only expedite the resolution in this matter.  No matter what the result of the criminal case, a stay of this proceeding pending that outcome will benefit the Court and all parties by conserving time, money, and resources that would otherwise be expended.  See, e.g., Am. Gen. Life Ins. Co. v. Jones, No. CIV A 08-0211-WS-B, 2008 WL 4949847, at *3 (S.D. Ala. Nov. 13, 2008) (commenting that the "interests of efficiency and conservation of scarce judicial resources weigh in favor of allowing [overlapping] state criminal proceedings . . . to run their course before embarking on the time-consuming and expensive process of litigating . . . civil proceedings.").

### III. Conclusion

For the foregoing reasons, Defendant Jeovanni Hechavarria requests an order staying this matter pending resolution of the criminal case against him in Lee County,

Florida, styled *State of Florida v. Hechavarria, Jeovanni Hildebrand*, No. 17-CF-000366,

which Defendant anticipates being set for trial following his sentencing hearing on March

3, 2020.

## **Rule 3.01(g) Certification**

The undersigned certifies that he has consulted all counsel of record regarding this

motion, and they do not object to the relief requested.

Respectfully submitted,

s/ Robert C. Shearman
Robert C. Shearman

I HEREBY CERTIFY that on February 4, 2020, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a copy of the

foregoing to the following:

Ryan A. Fogg, Esquire
David J. Halberg, Esquire
David J. Halberg, P.A.
1615 Forum Place, Suite 3-B
West Palm Beach, FL 33401
service@halberglaw.com
davidhalberg@halberglaw.com
rfogg@halberglaw.com
britchie@halberglaw.com
emendoza@halberglaw.com
mgalassi@halberglaw.com
Attorneys for Plaintiff

Angelique Groza Lyons, Esquire
Constangy, Brooks, Smith &
Prophete, LLP
100 North Tampa Street, Suite 3350
Post office Box 1840
Tampa, FL 33601-1840
alyons@constangy.com
hborso@constangy.com
tampa@constangy.com
awallrapp@constangy.com
Attorneys for Lee Health

Mark A. Haskins, Esquire
Mark A. Haskins, P.A.
2801 Fruitville Road, Suite 230
Sarasota, FL 34237-5365
mark@markhaskinspa.com
chris@markhaskinspa.com
Co-Counsel for Lee Health

Robert M. Klein, Esquire
Klein Glasser Park & Lowe, P.L.
9130 S. Dadeland Blvd., Suite 2000
Miami, FL 33156
kleinr@kgplp.com
piersoni@kgplp.com
montanem@kgplp.com
ruizm@kgplp.com
schleierl@kgplp.com
Attorneys for Non-Party Halberg & Fogg, PLLC

this 4th day of February, 2020.

HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
Attorneys for Defendant Jeovanni Hechavarria
Post Office Box 280
1715 Monroe Street
Fort Myers, FL   33902-0280
239.344.1346 (Telephone)
239.344.1501  (Facsimile)
**Designated email recipients:**
**Primary:  robert.shearman@henlaw.com**
**Secondary:  courtney.ward@henlaw.com**

By: s/ Robert C. Shearman _____
      Robert C. Shearman
      Florida Bar No. 0614025