UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Civ. No. 2:18-347-FtM-PAM-MRM

Brianna Hammer,

Plaintiff,

v.                                        **MEMORANDUM AND ORDER**

Lee Memorial Health System and
Jeovanni Hechavarria, R.N.,

Defendants.

_____

This matter is before the Court on Defendant Lee Memorial's Motion for Summary

Judgment and Defendant Jeovanni Hechavarria's Amended Motion to Stay.  For the

following reasons, the Motions are granted.

**BACKGROUND**

Plaintiff Brianna Hammer brings three claims against Lee Memorial Health

System, a public healthcare system in Lee County, Florida.  The claims include a

violation of civil rights pursuant to 42 U.S.C. § 1983, negligent hiring, and negligent

security.  This suit stems from a sexual assault by a nurse, Jeovanni Hechavarria, which

occurred at a hospital Lee Memorial owns. [1]

> According to the Third Amended Complaint: On March 15, 2015
> through March 17, 2015, Plaintiff was a patient at Cape Coral Hospital, a
> hospital operated by Lee Memorial.  Hechavarria was Plaintiff's nurse for

---

[1] Hammer's claim for assault and battery against Hechavarria is not at issue in this
Motion.  Criminal counts are pending against Hechavarria for the three alleged sexual
assaults at the Hospital.

the evenings of March 15, 2015 and March 16, 2015. On March 16, 2015, while Plaintiff was medicated with a narcotic pain medication, Hechavarria touched Plaintiff's breasts, lower back, buttocks, and then spread her legs and looked at her vagina without Plaintiff's consent. Later that evening, Hechavarria returned to Plaintiff's room and put his hand in between her legs penetrating her vagina without Plaintiff's consent.

Before Hechavarria was hired as a nurse by Lee Memorial, Hechavarria had been disciplined by former employers for workplace misconduct and had multiple temporary injunctions issued against him for domestic violence. In 1999, Hechavarria had a temporary injunction for protection against domestic violence entered against him when he punched and slapped a woman for refusing to have sexual intercourse with him. In 2007, Hechavarria was discharged from the United States Navy for misconduct that was classified as a serious offense. In 2008, while an employee of Harbor Nissan, Hechavarria was disciplined for violating company policies or procedures and was eventually terminated as an employee of Harbor Nissan. In 2010, Plaintiff had a second temporary injunction for protection against domestic violence entered against him for stalking his wife when she left him and obtained her own apartment. On March 10, 2015, while he was employed by Lee Memorial, Hechavarria had a third temporary injunction for protection against domestic violence entered against him for slapping his daughter across the face, pushing her to the ground, punching her and choking her.

(Oct. 18, 2018 Order (Docket No. 31) at 1-3) (internal quotations and citations omitted).)

Lee Memorial now seeks summary judgment on all remaining claims against it.

**DISCUSSION**

**A.     Summary Judgment**

Summary judgment is proper only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most

2

favorable to the nonmoving party.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187

(11th Cir. 1999) (citation omitted).

The moving party bears the burden of showing that there is no genuine issue of

material fact and that it is entitled to judgment as a matter of law.  O'Ferrell v. United

States, 253 F.3d 1257, 1265 (11th Cir. 2001).  When opposing a motion for summary

judgment, the nonmoving party must demonstrate the existence of specific facts in the

record that create a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

256 (1986).  A party opposing a properly supported motion for summary judgment may

not rest on mere allegations or denials and "must do more than simply show that there is

some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986) (citation omitted).

1.   42 U.S.C. § 1983 Claim

Hammer can prevail under § 1983 in two ways.  She could show that a Lee

Memorial custom or policy was the "moving force" behind the violation of her

constitutional rights.  Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658,

690-94 (1978).   Alternatively, Hammer could show that Lee Memorial's

inadequate training of its employees demonstrated a "deliberate indifference" to

its patients' rights.  Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489-90 (11th

Cir. 1997) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989)).  To

succeed on the theory of Lee Memorial's failure to train, Hammer must show "a

likelihood that [Lee Memorial's] failure" caused Hechavarria's decision to assault

her.  Id. at 490.  But "[w]here the proper response . . . is obvious to all without

training or supervision, then the failure to train or supervise is generally not 'so likely' to produce a wrong decision as to support an inference of deliberate indifference by city policymakers to the need to train or supervise." Id.

Hammer argues that there was a pattern of sexual assaults at Lee Memorial because 11 alleged assaults occurred within a few years before her own assault, and all five nurses accused were male night nurses. Because Lee Memorial did not train or educate its employees in preventing sexual assaults, Hammer claims that it was deliberately indifferent to her constitutional rights and that its customs and policies caused Hechavarria's violation of her rights. She asserts that causation is a question of fact for the jury.

Lee Memorial contends that the claim fails as a matter of law because Hechavarria's conduct was so obviously wrong that Lee Memorial's policies could not be the motivating factor behind the assault. Although Lee Memorial makes no attempt to attempt to explain its inaction when a patient reports a sexual assault, that inaction does not rise to the level of causing assaults. The Motion is granted as to this claim because Hammer fails to show that Lee Memorial's policies somehow caused Hechavarria's decision to assault her.

2.  Negligent Hiring

Hammer alleges that Lee Memorial "knew or should have known about [Hechavarria's] disposition of violence toward women and vulnerable individuals" before hiring him. (3d Am. Compl. (Docket No. 25) at 13.) Thus, she claims that Lee Memorial was negligent in hiring Hechavarria.

4

"Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness." Garcia v. Duffy, 492 So. 2d 435, 438 (Fla. Dist. Ct. App. 1986). To state a negligent-hiring claim under Florida law, a plaintiff must allege that: (1) the employer was required to appropriately investigate the employee but failed to do so; (2) an appropriate investigation would have revealed the employee's unsuitability for employment; and (3) "it was unreasonable for the employer to hire the employee in light of the information [the employer] knew or should have known." Id. at 440. A plaintiff must also plausibly demonstrate that she was "within the zone of foreseeable risks created by the employment." Id. "In order to recover, the plaintiff must show that the employer knew or should have reasonably known via the exercise of ordinary care that its employee's conduct posed an unreasonable risk of harm to third parties." Loos v. Club Paris, LLC, 684 F. Supp. 2d 1328, 1334-35 (M.D. Fla. 2010).

Lee Memorial contends that it is entitled to sovereign immunity on this claim, and that the Court cannot question its hiring practices. In Florida, government entities such as Lee Memorial are not liable in a negligence action regarding hiring policies, "no matter how ineffective the policies are alleged to be." Hazleton v. City of Orlando, No. 6:10CV342, 2011 WL 13175527, at *15 (M.D. Fla. Oct. 19, 2011). Hiring is a discretionary function, and a government entity is "immune from tort liability based on actions that involve its discretionary functions." Cook v. Sheriff of Monroe Cty., 402 F.3d 1092, 1117 (11th Cir. 2005).

Lee Memorial followed its policy in hiring Hechavarria. (Lee Memorial Health System Policy and Procedure Manual (Docket No. 71-1) at 3-4.) The policy did not require a civil records search, so the Hospital was not aware of his domestic record. Also, because Hechavarria received a general, not dishonorable, discharge from the military, Lee Memorial's policy did not require further investigation into Hechavarria's background. Thus, Lee Memorial is entitled to sovereign immunity, and its Motion is granted as to this claim.

3. Negligent Security

Hammer claims that Lee Memorial did not adequately protect her from Hechavarria's reasonably foreseeable criminal acts.

In Florida, "negligent security cases fall under the auspices of premises liability as opposed to ordinary negligence." Nicholson v. Stonybrook Apartments, LLC, 154 So. 3d 490, 494 (Fla. Dist. Ct. App. 2015). A defendant's duty of care in a premises liability action depends "on the plaintiff's status to the land." Id. at 492. Under Florida premises liability principles, a property owner owes two duties to a business invitee: "(1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover." Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1089 (Fla. Dist. Ct. App. 2011). "The duty of care owed by a landowner to an invitee with respect to protection from criminal acts of a third person is dependent upon the foreseeability of that third party's activity." Admiral's Port Condo. Ass'n, Inc. v. Feldman, 426 So. 2d 1054, 1054 (Fla. Dist. Ct. App. 1983).

6

In the premises liability context, foreseeability of criminal conduct may be demonstrated when a property owner "knew or should have known of the dangerous propensities of a particular [person]." Stevens v. Jefferson, 436 So. 2d 33, 34 (Fla. 1983) (citations omitted).

Hammer contends that it is a question of fact for a jury as to whether Lee Memorial took ordinary and reasonable care to keep its premises reasonably safe. But Hammer offers no evidence to create a genuine issue of fact as to the foreseeability of Hechavarria's criminal actions.

Hammer first claims that employees were not trained or educated on preventing sexual assault, even in the Lee Memorial facilities where alleged sexual assaults had occurred. Lee Memorial's policy states that "[t]he charge person for the unit or area in which sexual abuse is alleged to have occurred shall notify System Security immediately." (Lee Memorial "Sexual Abuse Prevention and Reporting" (Docket No. 82-9) at 2.) This did not happen in Hammer's case. But there is no evidence that Lee Memorial's adherence to it its policy would have made Hammer's assault foreseeable.

Second, Lee Memorial policy states that "[c]are shall be taken to preserve any physical evidence, including evidence of semen, blood, or other materials" for law enforcement. (Id.) But the Hospital did not make any effort to preserve physical evidence of Hammer's assault, including Hechavarria's gown and gloves. (Sherwood Dep. at 67.) Again, however, even had the Hospital followed its policy, the assault would not have been foreseeable.

And that third, Lee Memorial Risk Manager Pamela Palmerton closed the internal investigation into Hammer's alleged assault in less than one day because Palmerton did not believe Hammer is concerning, but this evidence, too, does not establish foreseeability. (Palmerton Letter to Fla. Dep't of Health (Docket No. 82-35).) Certainly, this evidence would be relevant for assaults that occurred after Hammer's assault, but unfortunately for Hammer, the law of premises liability depends on what occurred before the injury, not on what happens after.

While Lee Memorial's shortcomings are enough to make a person feel uneasy about being a patient there, its conduct falls short of the high bar required for a negligent-security claim. Hammer does not demonstrate that Lee Memorial should have known about Hechavarria's dangerous propensities or that his conduct was foreseeable before he assaulted Hammer. Therefore, Lee Memorial is also entitled to summary judgment on this claim.

## B. Motion to Stay

Hechavarria asks the Court to stay any trial pending the resolution of criminal charges against him arising out of the same alleged conduct. (Docket No. 122.) On September 26, 2017, Hechavarria was criminally charged with sexual battery against Hammer in Lee County, Florida, and a trial date has not been set. In granting this stay, Hechavarria is ordered to inform the Court of his criminal trial date as soon the date is set. At that point, the Court will set this case for trial.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.      Defendant Lee Memorial's Motion for Summary Judgment (Docket No. 70)

        is **GRANTED**; and

2.      Defendant Jeovanni Hechavarria's Amended Motion to Stay (Docket No.

        112) is **GRANTED**.

Dated:  March 2, 2020

                                                        *s/ Paul A. Magnuson*
                                                        Paul A. Magnuson
                                                        United States District Court Judge