UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Civ. No. 2:18-347-FtM-PAM-MRM

Brianna Hammer,

        Plaintiff,

v.

Lee Memorial Health System and
Jeovanni Hechavarria, R.N.,

        Defendants.

**AMENDED**[1]
**MEMORANDUM AND ORDER**

_____

This matter is before the Court on Plaintiff's Motion (Docket No. 131) for final judgment certification under Rule 54(b) of the Court's Order on summary judgment (Docket No. 127). For the following reasons, the Motion is granted.

This Court follows "a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). The Court first must determine whether its Order is both "final" and a "judgment." Id. (quoting Curtiss–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). "That is, the court's decision must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a judgment in the sense that it is a decision upon a cognizable claim for relief." Id. (quotations omitted). Here, the Order granting summary judgment

---

[1] The Court's previous Order (Docket No. 134) inadvertently ordered the Clerk to close the case when in fact one claim remains. That claim is currently stayed (Docket No. 127), but the case remains open.

for Defendant Lee Memorial on all of Plaintiff's claims against it is certainly both a final order and a judgment, and Defendants concede as much.  Because the decision is final and a judgment, the Court "must then determine that there is 'no just reason for delay' in certifying it as final and immediately appealable." Id.

The Court granted summary judgment in favor of Lee Memorial on Plaintiff's 42 U.S.C. § 1983, negligent-hiring, and negligent-security claims.  (Docket No. 127.)  The only claim remaining is Plaintiff's claim against Defendant Hechavarria for assault and battery.  This claim has been stayed, however, pending Hechavarria's criminal sexual assault trial, which must conclude before this litigation can proceed.  As Plaintiff argues, she will suffer prejudice if she must wait for the outcome of the criminal trial, then the outcome of the remaining civil proceedings against Hechavarria, before she can take an appeal of the Court's Order.

Defendants' arguments in opposition to this Motion are unavailing.  Both Defendants cite the Court of Appeals' lengthy docket weighing against the certification Plaintiff seeks, but the volume of appeals is only one factor this Court can consider.  See Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165-66 (11th Cir. 1997) (noting that the district court must "balance judicial administrative interests and relevant equitable concerns").  Those equitable concerns include the unique facts this case presents. Plaintiff's claims against the two Defendants here are separate from each other; that is, her claims against Lee Memorial do not depend on her claims against Hechavarria. Hechavarria's argument to this end misstates the law because Plaintiff need not prove the underlying tort to support her claims against Lee Memorial; rather, she must allege an

underlying tort, which she clearly has done.  Latson v. Hartford Ins., No. 05cv1435, 2006 WL 485097, at *5 (M.D. Fla. Feb. 28, 2006).  Additionally, Lee Memorial's self-serving argument that Plaintiff should simply dismiss Hechavarria from the suit in order to appeal would merely result in empty chair for Lee Memorial to blame on appeal.  The Court of Appeals would not "be required to relearn the same set of facts if and when the case returned to [it] on appeal," Ebrahimi, 114 F.3d at 167.  Judicial economy thus does not weigh against a Rule 54(b) certification.

      Along with Defendant Hechavarria's pending criminal trial related to this case, he is currently serving a 30-year prison sentence for a different sexual assault and is party to that corresponding civil lawsuit in this District.  Thus, his ability to pay any judgment Plaintiff could ultimately secure is an equitable factor that the Court considers in the highly unusual circumstances this case presents.  Moreover, the current pandemic has essentially halted all criminal jury trials in Florida.  With no indication of when trials might resume, the Court is unwilling to force Plaintiff to delay her appeal.  None of Defendants' contentions outweigh Plaintiff's right to appeal the final judgment against Lee Memorial.

      The Court finds that equitable considerations weigh in favor of immediate appeal and that there is "no just reason for delay" in certifying the claims against Lee Memorial for appeal in this matter.  Plaintiff's Motion is granted.

Accordingly, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Motion for Entry of Judgment under Rule 54(b) (Docket No. 131) is **GRANTED** and a Rule 54(b) Judgment will be entered in favor of Lee Memorial and against Hammer;

2. Judgment shall be entered on Counts I, III, and IV of the Third Amended Complaint; and

3. The Court's previous Order (Docket No. 134) is **VACATED**.

**The Clerk shall enter judgment accordingly.**


Dated: <u>April 28, 2020</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
